Williams *vs.* Rawlins.

Amos A. Williams, plaintiff in error, *vs.* Samuel Rawlins, defendant in error.

1. An attorney at law, who is not of counsel in a case, and not interested in its results, is a competent commissioner to take depositions therein.
2. It is not error in the Court to refuse to reject depositions taken in a case, because the signatures of the witness and the commissioners *seem* to be in the handwriting of one and the same person. The question of identity, in such case, may well be submitted to the jury.
3. In an action of ejectment, brought in the name of the grantee, the defendant offered to prove that the party from whom he derived title, bargained with the grantee for the land in dispute, and paid a part of the purchase-money, leaving the balance unpaid. Upon objection made, the Court rejected the testimony : *Held,* that the Court did right.
4. Testimony offered for the purpose of impeaching a witness, because of statements made out of Court at variance with the testimony of the witness at the trial, should be rejected, unless a proper foundation is first laid for the introduction of the impeaching testimony.
5. The decisions of this Court have been uniform, that the grantee may use the name of the grantor to recover land, when the deed to the grantee is rejected on account of adverse possession of the land at the time the deed was executed.
6. R sued W in an action of ejectment for the recovery of a lot of land. Pending the action, which was subsequently dismissed, a sufficient length of time had elapsed to bar the plaintiff's right of action, unless he recommenced his suit within six months from the date of the dismissal of the action. After the dismissal of the suit, W made a contract and an arrangement with L to hold secret possession of the land, so as to mislead the plaintiff, and prevent the bringing of a second suit until six months from the dismissal of the first suit should expire: *Held,* that, under these facts, it was not error in the Court to charge the jury, "that the possession of L was the possession of W."
7. Where the defendant can acquire a statutory title by the occupation of successive tenants, can the action of ejectment be brought against him? *Quere.*
8. It is too late to object to a record for want of proper authentication, after it has been admitted and read to the jury without objection.
9. A party who himself loses or suppresses depositions taken in a case, will not be allowed to take advantage of the absence of the depositions by motion for a new trial.
10. A plea of *aliter lis pendens,* and a motion to compel the plaintiff to elect which he will prosecute, is the proper remedy where two suits are pending for the same cause of action.

Ejectment. In the Superior Court of Catoosa county. Tried before Hon. D. A. Walker. November Term, 1860.

This was an action brought, on the 2d day of March, 1853, in the name of John Doe, on the several demises of Samuel Oliver, Dudley Bonds, and Samuel Rawlins, against Richard Roe, casual ejector, and Amos A. Williams, tenant in possession, for the recovery of lot of land No. 48, in the 28th district of the 3d section of originally Cherokee, but then Catoosa county.

The writ in the case also contained a count for mesne profits, and was served upon the defendant, Amos A. Williams, by leaving a copy of the same at his most notorious place of abode, and by putting a copy upon the door of a cabin on the premises sued for.

The defendant pleaded the general issue, the Statute of Limitations, and adverse possession of the land for seven years before the commencement of a former suit, which terminated in defendant's favor, more than six months before the commencement of this action.

On the trial, plaintiff introduced in evidence a grant from the State to Samuel Oliver, for the premises in dispute, dated January, 1837, which was drawn from the custody of the defendant by notice to produce the same, under the rules of Court; also, a deed from Samuel Oliver to Dudley Bonds, for the same land, dated 14th January, 1842, and registered November 9th, 1842; also, a deed from Dudley Bonds to Samuel Rawlins, for the same land, dated 25th February, 1843, and registered June 12th, 1843.

Upon the question as to when the defendant, Amos A. Williams, entered upon the land in dispute, an unusually large number of witnesses testified, those for the plaintiff asserting that the possession began in the summer of 1838, and those for the defendant, that such possession commenced in the summer of 1837.

The plaintiff introduced an exemplified copy from the records and dockets of the Superior Court of Walker county, showing that, on the 10th day of September, 1844, an action was commenced in the name of John Doe, on the demises of Samuel Oliver and Samuel Rawlins, against Richard Roe,

Williams *vs.* Rawlins.

casual ejector, and Amos Ashley Williams, tenant in possession, for the recovery of the land in dispute, which was then situate in the county of Walker, the county of Catoosa not having been formed; that the defendant was served with process, in that case, on the 18th of September, 1844; that at April Term, 1846, the defendant confessed judgment to the plaintiff for the premises in dispute, with costs of suit, reserving the right to appeal; that an appeal was entered, and that the case continued in Court until October Term, 1852; an entry was made by the presiding Judge on the bench docket, "*Dismissed.*" This exemplification was received and read in evidence, without objection.

It was also shown, by the proof, that the defendant claimed to be in possession of the land in 1852, and that he had rented the premises to a man by the name of Lively, who, by agreement with defendant, was to retain secret possession until after the expiration of six months from the dismissal of the suit in Walker county. This arrangement was made to mislead and deceive the plaintiff and his counsel, and induce them, if possible, to neglect instituting a second suit until after the expiration of six months from the dismissal of the first suit, and thus perfect a statutory title in the defendant. This contract between the defendant and Lively was in writing, and, by its terms, Lively was not to take open possession until the said six months had expired.

There was some proof submitted as to mesne profits, but as none were recovered, the testimony need not be detailed in this statement.

The defendant, after proving its execution, read in evidence a bond executed by W. W. Williams, in DeKalb county, Georgia, dated December 30th, 1836, conditioned to "make, or cause to be made, a good and sufficient warrantee title" for the land in dispute to the defendant, Amos A. Williams. The defendant also proved that he paid to W. W. Williams one hundred dollars of the purchase-money the day before said bond was executed, and that, in the year 1844, he paid the balance of the purchase-money, two hundred and fifty dollars, in a young mare, or filly.

He also offered to prove, by his brother, W. W. Williams, that the latter had previously bargained with Samuel Oliver for this land, and paid him one hundred dollars of the pur-chase-money, and gave his note or notes for one hundred dollars more.

This testimony was rejected by the Court, upon objection being made thereto.

Pending the trial, the plaintiff offered in evidence the depositions of several witnesses, taken by interrogatories and commissions, to which counsel for defendant objected, on the ground that Lawson Black, Esq., an attorney at law of the Court, acted as one of the commissioners in taking the depositions. The Court overruled the objection, and admitted the depositions, Mr. Black being in Court, and the Court proposing to allow defendant's counsel to prove that he was counsel in the case, or otherwise interested in its result.

The plaintiff offered in evidence the depositions of a witness by the name of Dickey, to the reading of which the defendant's counsel objected, because the signatures of the witness and of the commissioners *seemed* to be in one and the same handwriting.

The Court overruled the objection, and admitted the depositions, allowing the jury to inspect the signatures, and to pass upon the question as to whether they were written by one and the same person.

The defendant offered the depositions of a witness—James Henderson—to discredit another witness, by the name of Rogers, by showing that the latter had made statements out of Court at variance with his testimony on the trial, and, upon objection made, the Court rejected the evidence, on the ground that, in the effort to lay the foundation for the introduction of the impeaching evidence, the witness, Rogers, was not questioned as to the *place* where the statements proposed to be proved were made by him.

The Court charged the jury, amongst other things, " that Rawlins, having shown a chain of title from Oliver to himself, he was authorized, by law, to use Oliver's name for the assertion of his title to the land, and might recover it in

Oliver's name, *provided* there was nothing in the case to prevent it." The jury returned a verdict in favor of the plaintiff for the premises in dispute, with costs of suit.

Counsel for defendant then moved for a new trial of said case, on the grounds of alleged error in the several rulings, decisions and charge of the Court, hereinbefore set forth, and also on the grounds that the Court erred in charging the jury, "that if, at the time the suit was commenced, Lively was the agent of the defendant, and, as such, held secret possession of the land, by agreement with defendant, in order to prevent the bringing of the suit until after the expiration of six months, under such circumstances the possession of Lively was the possession of defendant;" and because there was no properly certified copy of the record of the suit in Walker county; and because the jury found contrary to law and evidence; and because of the loss of the depositions of Hughes and Lowery, taken in behalf of defendant, and the manner of their loss.

Touching the last ground, there were several affidavits accompanying the motion for a new trial, the effect of which was to fasten the blame of losing or suppressing the interrogatories on the defendant himself.

The presiding Judge overruled the motion, and refused the new trial, and it is to reverse that judgment that the writ of error is prosecuted in this case.

L. W. CROOK, for plaintiff in error.

McCUTCHEN, AKIN, DABNEY, *contra.*

*By the Court*—LUMPKIN, J., delivering the opinion.

This is a motion for a new trial, and the first ground is, that the Court erred in not rejecting several sets of interrogatories, because they were taken by Lawson Black, an attorney of the Court.

1. Mr. Black, although an attorney of the Court, was not an attorney in this case. He was not, therefore, disqualified from acting as a commissioner.

2d. Because the Court refused to reject the depositions of William Dickey, the signatures of the witness and of the commissioners *appearing* to be in the same handwriting.

The Judge properly submitted the question of identity to the jury. Every likeness is not the same. The exceptions to the charges of the Court respecting mesne profits were abandoned, as no mesne profits were recovered.

3d. Because the Court erred in ruling out the testimony of W. W. Williams, to the effect that before executing the bond for titles to the land, to his brother, he bought it from Samuel Oliver, the drawee, and paid the grantee a portion of the purchase-money, namely, one hundred dollars, and the grant fees, the price of the land being two hundred dollars.

The recovery, in this case, was upon the demise of Samuel Oliver. If Oliver himself had given the bond directly to Amos A. Williams, and only a part of the purchase-money paid, Oliver could have recovered the land, and this could only have been prevented by Williams paying, or offering to pay, the balance of the purchase-money. The vendor holds the title as security for the purchase-money, and ejectment is one of the methods of enforcing payment.

4th. Because the Court rejected the testimony of James Henderson, offered to contradict William Rogers.

This evidence was ruled out on the ground that the foundation had not been laid for its introduction. By referring to the testimony of the witness intended to be impeached, it will be seen he was not asked *the place* where he made the statement proposed to be contradicted by Henderson. True, it is rather obscurely expressed. In favor of the judgment of the Court, we should give it the construction he did.

5th. The uniform decisions of this Court have been to authorize the grantee to sue in the name of the grantor, when the grantee's deed is rejected on account of the adverse possession of the land, at the time it was made. The deed, though not good to pass the title, is good as a power of attorney to sue.

6th. We see no error in the Court, as to his charge respecting Lively's possession. Indeed, this point was ex-

Williams *vs.* Rawlins.

pressly decided when this case was up before.    Where the plaintiff can acquire a statutory title by the occupation of successive tenants, can the action of ejectment be brought against him?    *Quere.*

· 7th. The exception as to the former suit, not being between the same parties, is, a mistake, in fact, and abandoned on an inspection of the record.

8th. It is too late to object to a record for want of proper authentication after it has been admitted and read to the jury.

9th. As to the motion for a new trial, on account of the loss of the interrogatories, some of the sets said to have been mislaid, were seen in the custody of Williams himself.    The Court, in the exercise of a sound discretion, held him responsible for these papers.

10th. It is objected, too, that the former suit between these parties was never dismissed, an order to that effect being entered on the bench docket merely, but not on the minutes of the Court.    Then it is pending still, and this is not the proper motion.    The party should be compelled to elect which suit he will prosecute.    It should be taken advantage of by pleading *aliter lis pendens.*   ·

Let the judgment be affirmed.