Parks *et al.*, administrators, *vs.* Johnson.

1. Under the act of October 9, 1885, where the return of appraisers appointed to set apart a year's support for a widow and her children was filed, and citation was issued by the ordinary, objections could be filed by a creditor at or before the term of court to which the citation was returnable, and at which the subject-matter thereof was to be considered, and it was not necessary for them to be filed before the expiration of four weeks from the first publication. (Rep.)

2. Where objections to the allowance of a year's support were filed, and by consent the case was transferred to the superior court by appeal, and there the objections were dismissed on motion, as appears from the record, and the objecting creditors excepted, but recited in their bill of exceptions that the motion was to dismiss the appeal; that it was granted; and that the error excepted to was this dismissal of the appeal; upon the call of the case in this court, a motion being made to dismiss the writ of error on this ground, and a counter-motion being thereupon made by the plaintiffs in error to amend the bill of exceptions so as to make it conform to the record, the latter motion will be granted, and the former overruled. (Rep.)

February 20, 1888.

Year's Support. Practice in Superior Court. Practice in Supreme Court. Before Judge John T. Clarke. Quitman Superior Court. March Term, 1887.

Reported in the decision.

Hoyl & Parks; J. H. Lumpkin, for plaintiffs in error.

Simmons & Guerry, for defendant.

Bleckley, Chief Justice.

Appraisers to set apart a year's support for Mrs. Johnson and her children out of the estate of their deceased husband and father, having made their return, the ordinary issued a citation in these terms:

" State of Georgia—Quitman County.

*To all whom it may concern:*

" Mrs. Nannie J. Johnson, widow of Neri Johnson, late of said

county, deceased, having in due form made application to me for twelve months' support out of the estate of said Neri Johnson, for herself and minor children, I will pass upon the same the first Monday in March next.

"Given under my hand and official signature, this 27th January, 1887.                    M. L. ALBRITTON, Ordinary."

The administrators, alleging that they were creditors of the estate, filed certain objections, on March 5th, 1887. Upon the same day, counsel for both parties entered into a written consent to transfer the matter by appeal to the superior court, and an order granting the appeal was passed accordingly by the ordinary. When the appeal came up for trial, it appeared that the citation was first published on the day of its date, and successively for four weeks thereafter; and for this cause, counsel for the widow and children moved to dismiss the objections, upon the ground that the objections were not filed in time; which motion the court granted.

1. The question is, whether the court correctly construed the act of October 9th, 1885, altering section 2573 of the code.  The act says that, " upon filing said return, the ordinary shall issue citation and publish notice as required in the appointment of permanent administrators, citing all persons concerned to show cause why said application for twelve months' support should not be granted; and if no objection is made after the publication of said notice for four weeks, or if made is disallowed, the ordinary shall record the return so made in a book to be kept for this purpose."   The ordinary shall issue citation and publish notice as required in the appointment of permanent administrators.   Citation touching the appointment of administrators always contemplates that objections may be filed at or before the term of the court at which the appointment is to be made, or the subject-matter considered; and we think the same rule is applicable to the citation touching year's support.   Here the term of court referred to in the citation was that to be held for March, 1887,

which was on the 7th day of the month. The objections were filed two days before, and were therefore in time. It would be altogether a misconstruction of this act to hold, as the court below seems to have done, that the objections are to be filed before the expiration of four weeks from the first publication. Such a construction would be quite anomalous, and the one we put on the act brings this proceeding in harmony with the class of citations to which the act refers as a standard, and moreover, in harmony with the general current of judicial proceedings.

2. When this case was called, a motion was made to dismiss the writ of error, because the bill of exceptions set forth that the motion in the court below was to dismiss the appeal, that that motion was granted, and that the error excepted to was the dismissal of the appeal; whereas, according to the transcript of the record, the appeal was not dismissed, but on the contrary, the final order granted by the court was one dismissing the objections filed by the creditors. The plaintiffs in error thereupon moved to amend the bill of exceptions, so as to make the same recite the motion as one to dismiss the objections, and to carry that correction throughout the bill of exceptions. We think that, under section 4272(b) of the code, which says, "No writ of error shall be dismissed in the Supreme Court of this State, when, by an amendment to the bill of exceptions, which is hereby declared to be lawful and allowable, any imperfection or omission of necessary and proper allegations could be corrected from the record in the case," the amendment may be made, and leave to make it is granted ; and the motion to dismiss the writ of error is overruled.

Judgment reversed.