### JACKSON *v.* WARTHEN *et al.*, and *vice versa.*

1. When a cross-bill of exceptions presents a question which is "controlling upon the case as a whole," the Supreme Court will first consider and dispose of that question; and if the judgment of the trial court with respect thereto is reversed, the main bill of exceptions will be dismissed.

2. Where the ordinary has duly complied with the statutory requirements as to issuing citation and publishing notice with regard to an application for a year's support, it is too late, after the adjournment of the term of his court to which the citation is returnable, to file objections to the granting of such application. There was, in the present case, no consent to the filing of such objections after the expiration of the time allowed by law for so doing; nor under the circumstances disclosed by the record was the applicant for the year's support estopped from so asserting.

Argued April 25, — Decided May 14, 1900.

Appeal. Before Judge Henry. Walker superior court. August term, 1899.

*W. W. Brookes, W. T. Turnbull,* and *Copeland & Jackson,* for the objector. *R. M. W. Glenn* and *Payne & Payne,* contra.

LUMPKIN, P. J. Mrs. S. A. Warthen made an application to the court of ordinary of Walker county for the allowance of a year's support to herself and two minor children, out of the estate of her deceased husband. The ordinary issued and caused to be duly published a citation calling upon all persons concerned to show cause at the January term, 1899, of his court

why the application should not be granted.　He also appointed appraisers who in due time set apart a year's support and made their report.　Before the arrival of the January term, W. W. Brookes, as attorney for James U. Jackson, a creditor of the decedent, requested his administrator, S. M. Warthen, "to let the case go over for the January term of the court."　The administrator replied that if it was agreeable to R. M. W. Glenn, the attorney of the applicant for the year's support, he (the administrator) "would consent for such continuance."　After the conversation between the administrator and Brookes just referred to, but on the same day, the latter informed Glenn "that he had seen S. M. Warthen and he and Warthen had agreed that the case be passed at said January term of the court," to which Glenn replied: "I will see Mr. Warthen." On the first Monday in January, 1899, which was the 2d day of that month, Glenn wrote a letter to Brookes, stating that, though there had been a misunderstanding between the administrator and Brookes, he (Glenn) had consented that the case should go over to the February term.　At the time of writing this letter, Glenn supposed that objections to the allowance of the year's support had been filed, and he never at any time consented that the same might be filed after the expiration of the January term.　It further appears, however, that on the 12th day of January, 1899, Glenn again wrote to Brookes, inquiring whether or not he intended in behalf of Jackson to file objections to the allowance of the year's support.　The court of ordinary met and adjourned on the 2d day of January, 1899, and "the case" was, during the term, "marked continued." On the 20th day of January, 1899, counsel for Jackson filed certain objections to the allowance of the year's support.　At the February term the ordinary passed an order disallowing the objections and directing that the return of the appraisers be recorded as the judgment of the court.　The case then went by appeal to the superior court.　On the trial there, counsel for Mrs. Warthen moved to strike the objections, on the ground that they were filed too late.　On the hearing of this motion the facts above recited were made to appear, and the motion was overruled.　Some of the objections filed by Jackson were stricken

on demurrer, and on the trial of the remaining objections there was a verdict for the applicant. Jackson sued out a bill of exceptions assigning error on various rulings made during the trial, and Mrs. Warthen sued out a cross-bill of exceptions alleging error in the court's refusal to sustain her motion to strike all of the objections on the ground that the same were not filed within the time prescribed by law.

1. As the case is controlled by a proper determination of the question presented by the cross-bill, we will deal with that question exclusively. *Cheshire* v. *Williams*,101 *Ga.* 814; *Jordan* v. *G. S. & F. R. Co.,* 105 *Ga.* 274; *Hollis* v. *Lawton,* 107 *Ga.* 102; *Gay* v. *Gay,* 108 *Ga.* 739; *Smith* v. *VanHoose,* 110 *Ga.* 633.

2. The court ought to have sustained the motion to strike all of the objections. Section 3467 of the Civil Code, after declaring that the ordinary shall issue citation and publish notice, calling upon all persons concerned to show cause why an application for twelve month's support should not be granted, further provides that, " if no objection is made after the publication of said notice for four weeks, or if made is disallowed, the ordinary shall record the return" of the appraisers in a book to be kept for that purpose. Thus it will be seen that the statute plainly contemplates that, unless objections are duly filed, nothing is left for the ordinary to do but to record the return of the appraisers, which then becomes, in effect, a binding judgment, conclusive upon all persons interested. The vital question therefore is: when does the time for filing objections expire ? This court, in *Parks* v. *Johnson,* 79 *Ga.* 567, construed so much of the act of October 9, 1885, as is now embraced in the code section just mentioned. It was in that case distinctly held that "where the return of appraisers appointed to set apart a year's support for a widow and her children was filed, and citation was issued by the ordinary, objections could be filed by a creditor at or before the term of court to which the citation was returnable." While the court was not then dealing with the precise question now in hand, that case directly called for a proper interpretation of the statute above referred to, and it was accordingly laid down that objections must be filed before the ex-

piration of the term.   With this construction of the law we are quite content, and now hold unequivocally that objections filed after the expiration of the term to which the citation to show cause was made returnable come too late and can not properly be considered.   Unless objections are duly filed, there is no " case " in which a trial can lawfully be had; for, in the absence of such objections, there is no issue for determination in the court of ordinary.   Even if the applicant could waive the due filing of objections, and in this manner make a case which could be the subject-matter of a continuance and of a subsequent adjudication, we do not think there was such a waiver in the present instance.   Upon the facts appearing in the record, it is clear that Mr. Glenn never intended to make such a waiver. His consent to a postponement of the hearing was based upon the supposition that, at the time the consent was given, objections had been filed.   The mere fact that after the expiration of the term he ascertained that no objections had in fact been filed, and then made an inquiry of counsel on the other side as to his intentions in the matter, can not be held to amount to such a waiver as would give the so-called " case " a standing in court.   At that date the  time for filing objections had come and gone, Mrs. Warthen's right to the year's support had become absolute and fixed, and the legal status of the matter could not be affected by the non-committal inquiry which her attorney addressed to counsel for Jackson.   The right to file objections having already been lost, the making of this inquiry could not possibly have misled his counsel or in any manner operated prejudicially to Jackson.   Accordingly, it can not be said that Mrs. Warthen was estopped from insisting that his objections were filed too late, even though his counsel may have been warranted in inferring from Glenn's inquiry that no such point would be raised.   This being so, and there being in point of fact no intention on the part of Mrs. Warthen's counsel to waive any of her rights in the premises, we are clearly of the opinion that the court below erred in the ruling of which she complains.

Judgment on cross-bill of exceptions reversed; main bill of exceptions dismissed.   All concurring, except Fish, J., absent.