## FOSTER *v.* TURNBULL.

1. Where an application has been made by a widow for the setting apart of a year's support from the estate of her deceased husband, and, after notice has been given to the legal representative of the estate, appraisers have been appointed and have made a return, and citation has been published, objections may be made at or before the next term of the court of ordinary. The matter, however, stands for final disposition at the first term; and if objections are not made until such term, they should be made before final action is taken upon the application. If no objection is made until after the application has been finally acted on, it is then too late to file objections.

2. No objections having been filed, and the ordinary, at the first term of the court, having passed an order that the return of the appraisers should be recorded, after regular application, notice to the administrator, citation, and publication, no abuse of discretion is made to appear in refusing to open the judgment at a later day during the term, and allow objections to be then filed.

Submitted June 1,—Decided November 10, 1906.

Appeal. Before Judge Pendleton. Fulton superior court. December 18, 1906.

A. W. Foster died, leaving as his widow Louise Hill Foster, who afterwards intermarried with Turnbull. On February 2, 1905, she filed an application for a year's support, to be set apart from the estate of Foster, deceased. On the same day the administrator of the decedent acknowledged service of notice upon him. Appraisers were appointed and made a return. Citation was issued on February 7, and published. At the March term of the court of ordinary, which was the next term after the issuing of the citation, no objection having been filed, an order was passed that the return of the appraisers be recorded. It does not appear, except inferentially, when the actual recording took place. The March term of the court did not adjourn until March 29. On March 16, F. C. Foster, as a creditor of the estate, filed a petition that the judgment be opened, and that he be allowed to file objections. He alleged that he was a non-resident of the county, had no actual notice, and did not in fact know of the application or when it was returnable. The administrator joined in the petition. After hearing the application the ordinary declined to open the judgment and allow the caveat to be filed. The case was carried to the superior court by writ of certiorari. The presiding judge overruled the certiorari and sustained the judgment of the ordinary. To this judgment a bill of exceptions was filed.

*Bell, Pettigrew & Bell,* for plaintiff in error.

*Arnold & Arnold and Williford & Middlebrooks,* contra.

LUMPKIN, J. (After stating the facts.) 1. Where an application has been made by a widow for the setting apart of a year's support from the estate of her deceased husband, notice is required to be given to the representative of the estate, if there is one; and if there is none, no notice is required. Civil Code, § 3465. Here notice was given to the administrator. After appraisers have been appointed and made their return, the ordinary issues citation and publishes notice, "as required in the appointment of permanent administrators," citing all persons concerned to show cause why the year's support should not be granted. "If no objection is made after the publication of said notice for four weeks, or if made is disallowed, the ordinary shall record the return so made in a book to be kept for this purpose; if an appeal be taken, pending the appeal the family shall be furnished with necessaries by the representative of the estate." Civil Code, § 3467. It is alleged in this case that there was a judgment at the first term, which appears to have been after notice, citation, and publication as required by law. After that it was too late to file objections. In *Jackson* v. *Warthen,* 110 *Ga.* 812, citing *Parks* v. *Johnson,* 79 *Ga.* 567, it was held that exceptions must be filed at or before the first term of the court of ordinary, and are too late if filed after that time, although no action has been taken upon the application. It was not held, however, that, as matter of law, no action could be taken by the ordinary until the expiration of the first term. The language of section 3467, quoted above, indicates a right to act sooner. If the contention of the caveators be correct, the return must lie in the office unrecorded, and the widow and children, if any, must wait for their support until an entire term of court has elapsed, in order to see if any one wishes to object. Such is not the intention of the law. If this application, in respect to hearing as well as notice, is analogized to the appointment of a permanent administrator, such an application stands for disposition at the first term, unless regularly continued. Civil Code, § 3394; *Parks* v. *Johnson,* 79 *Ga.* 567, 568. Objections may be filed at or before that term. If filed at the term, they should be filed before final action has been taken by the ordinary on the application. If the case stands for trial at the

first term, where objections are filed, surely it does not have to wait till the term has expired, if no objections are filed.

2. The plaintiff in error could not have the judgment opened and file objections as matter of right; and, treated as matter of discretion, there was no abuse of discretion in refusing to allow this to be done. See on this subject *McCandless* v. *Conley*, 115 *Ga.* 50; Black Judg. §§ 297, 305; *Harris* v. *Breed*, 38 *Ga.* 299; *Estes* v. *Ivey*, 53 *Ga.* 54.

*Judgment affirmed.　All the Justices concur.*