## PETTY *v.* PIEDMONT FERTILIZER COMPANY.

1. Where, on the call of a trover suit in which the plaintiff had replevied the property upon failure of the defendant to do so, the plaintiff voluntarily dismissed the suit and handed an order of dismissal to the clerk of the superior court, it was error, over objection of the defendant, to allow the plaintiff to reinstate the case after a motion by the defendant to enter a money judgment against the plaintiff for the value of the property as sworn to by the plaintiff in its application to replevy it, no fraud, mutual mistake, or other good cause being shown as a ground for reinstatement.

2. The defendant had the right, on the dismissal of the case by the plaintiff, either to a writ of restitution for the property replevied, or a judgment on the replevy bond for its money value as sworn to by the plaintiff in its affidavit for bail.

NOVEMBER 17, 1916.

Trover. Before Judge Patterson. Cobb superior court. September 25, 1915.

*J. E. Mozley* and *H. B. Moss,* for plaintiff in error.

*Osborne & Lindsay* and *D. K. Johnston,* contra.

HILL, J. The Piedmont Fertilizer Company brought an action of trover against J. F. Petty, to recover certain promissory notes alleged to be in the possession of the defendant, and as belonging to the plaintiff, of the alleged value of $217.70. The defendant failed to replevy the property, and the plaintiff replevied, giving bond for the eventual condemnation-money. Upon the call of the case the plaintiff's counsel announced that he would dismiss the trover suit, signed and filed an order dismissing the case, and handed it to the clerk of the superior court. The defendant thereupon moved for a judgment in his favor against the plaintiff, for the value of the notes replevied, as sworn to in the plaintiff's affidavit for bail. The court offered to allow counsel for the defendant to take judgment for the notes and accounts which the defendant had turned over to the sheriff under the bail process, with costs of suit. This they declined to accept; and thereupon the judge announced that he would allow counsel for the plaintiff to withdraw the order of dismissal. The judge also overruled the motion for judgment in favor of the defendant against the plaintiff for the amount the notes replevied were sworn by the plaintiff to be worth. To these rulings the defendant excepted.

1. When the plaintiff dismissed its suit, it was out of court and beyond the court's jurisdiction. Our law provides that a plaintiff in any action, in any court, may dismiss his action either in term time or vacation. Civil Code, § 5627. There is no contention here that the case was dismissed because of a mutual mistake of law upon the part of counsel for both sides as to the legal effect of such action, as in the case of *Seals* v. *Stocks,* 100 *Ga.* 10 (30 S. E. 278), or of being misled by the opposite party, or the like. The case was called in its order, and the plaintiff *voluntarily* dismissed it; and it was not until the defendant asked for judgment against the plaintiff that the latter was allowed to reinstate its case. In the case of *Simpson* v. *Brock,* 114 *Ga.* 294 (40 S. E. 266), it was held: "When a plaintiff by his counsel voluntarily dismisses his petition, whether for a good or bad reason, the court has no authority, over objection by the defendant, to reinstate the action." The principle ruled in the *Simpson* case is controlling here. The court had no discretion to allow the present case reinstated; and it does not fall within that class of cases where the judge either has a discretion, or where the dismissal was based on a mutual mistake, or the like.

2. As the court had no jurisdiction to reinstate the case after it had been voluntarily dismissed, this gave the defendant the right to the restitution of his property, or to a judgment for the value of the property replevied, as stated in the sworn valuation of it by the plaintiff in the application and bond to replevy; and a suit on the bond and a jury trial were not necessary. *Pope* v. *Scott,* 143 *Ga.* 275 (84 S. E. 582).

                *Judgment reversed. All the Justices concur.*