COLCLOUGH, administratrix, *et al. v.* BANK OF PENFIELD.

Where a plaintiff voluntarily dismisses his petition because of the absence of a material witness who has been served with one subpœna to attend the court at a prior term, said plaintiff being under the mistaken belief that the law required the witness to be served anew with a separate subpœna for each term of court, a petition alleging these facts, and praying that the order dismissing the suit be canceled, was properly dismissed on general demurrer.

No. 4530.    APRIL 17, 1925.

Equitable petition.    Before Judge Park.    Greene superior court. August 27, 1924.

Three separate suits, to wit, Miss Estelle Colclough, administratrix, *v.* Bank of Penfield; J. M. Colclough *v.* Bank of Penfield, and Annie Colclough & Estelle Colclough *v.* Bank of Penfield, were pending in Greene superior court. The first two of the cases were placed upon the calendar for trial. When they were called counsel for petitioners moved for a continuance, because of the absence of a material witness, and stated that no subpœna had been served upon the witness. In making this statement counsel for petitioners, who did not reside in the county and in consequence had looked to their client in control of the litigation in the matter of serving subpœnas upon witnesses, based the same upon the statement made to them by their client in control of the litigation that no subpœna had been served upon the witness. Counsel for the contending parties being unable to agree upon a continuance, the court indicated that the motion of the petitioners for a continuance would be overruled if the same were insisted upon, and thereupon the following order was entered: "The plaintiff in each of the above-stated cases hereby, upon the call thereof, voluntarily dismisses each of them without prejudice." (Signed by counsel for petitioners.) Subsequently the petitioners moved for the reinstatement of the cases, upon the ground that, in informing counsel that no subpœna had been served upon the absent witness, the person in control of the litigation made an honest mistake of the law, because she believed that it was necessary to serve subpœnas upon witnesses for attendance upon each separate term of court, when as a matter of fact the witness had been subpœnaed and had attended an earlier term of the court, but that counsel was not apprised of this fact, but that on the contrary she had advised

them that she had relied upon the promise of the witness to attend. This motion was denied.

An equitable petition was then filed by the petitioners in the suits mentioned, which, in addition to the facts above set out, alleges that the court below could not reinstate the cases after they had been voluntarily dismissed, could not set aside the judgment of dismissal by a proceeding in the form of a motion in vacation; that nothing has occurred in the case that would amount to res judicata; that petitioners can not renew the actions in consequence of the statute of limitations; that unless the cases are reinstated they will be remediless; that the dismissal of said cases resulted from a mistake on the part of petitioners as to the effect of voluntary dismissal, was based upon an honest mistake of the law as to the effect of dismissal and to an honest mistake in the statement made by the person controlling the litigation on behalf of petitioners that the witness had not been subpœnaed, meaning that a new subpœna had not been issued for him for that term of court; that the mistake referred to was not discovered by any of petitioners until after the dismissal of the cases, and could not have been used on motion for continuance; that the facts described constitute a mistake of law and a mistake of fact material to the plaintiffs in the cases; and that if the order dismissing the cases is not vacated, petitioners will be left without remedy. The prayers were (1) for cancellation of the order dismissing said cases; (2) that the cases be reinstated; (3) for general relief; and (4) for process.

The defendants demurred to the petition, on the grounds: (1) it sets forth no cause of action and is devoid of equity; (2) it shows that the matters therein referred to are res adjudicata, having been passed on and determined in said court in a like proceeding by the same plaintiffs against the same defendants, without exception having been taken to the ruling of the court; (3) it shows that the suits referred to were voluntarily dismissed and the court can not reinstate them over the objection of defendants, and the petition shows that defendants have and do object to the reinstatement of the cases; (4) the petition is multifarious and contains a misjoinder of parties, and sets forth separate and distinct matters, in some of which some of the parties have no interest or concern, in fact no one of the parties has an interest in all of the matters alleged, but their interests and claims are separate and distinct;

(5) the facts alleged do not authorize the granting of the relief prayed for; (6) the petition shows that the cause of action originally declared on is barred by the statute of limitations, and this proceeding can not be used to escape such bar, and petitioners are guilty of laches; (7) the petition shows that if petitioners had any remedy to have the actions reinstated they elected to pursue the course of petition to the court in vacation, and are estopped to now say same was not a proper remedy, a ruling having been made upon such petition by the court, to which petitioners have not excepted.

The court sustained the demurrer and dismissed the petition. The petitioners assigned error upon that ruling.

*John J. Strickland* and *J. G. Faust,* for plaintiffs.

*J. S. Callaway, Noel P. Park,* and *Miles W. Lewis,* for defendants.

GILBERT, J.  The petitioners in this case voluntarily dismissed their suits in the superior court. During the same term of court they filed a motion to reinstate the cases. This motion was denied, and no exception was taken to that judgment. It is alleged in the present petition that the judgment was proper under the law. "When a plaintiff, by his counsel, voluntarily dismisses his petition, whether for a good or bad reason, the court has no authority, over objection by the defendant, to reinstate the action." *Simpson* v. *Brock,* 114 *Ga.* 294 (40 S. E. 266) ; *Petty* v. *Piedmont Fertilizer Co.,* 146 *Ga.* 149 (90 S. E. 966). The ground upon which reinstatement was sought was that the party in control and who gave direction that the suits be voluntarily dismissed had informed counsel that a material and necessary witness absent when the case was called had not been subpœnaed, whereas the witness had been subpœnaed to attend at a previous term of the court; the person in control of the litigation and who gave that information to counsel in the case had made an honest mistake as to the law as to the effect of a dismissal of the suit, and an honest mistake of the law requiring the attendance of witnesses at all terms of the court subsequent to the service of the subpœna, and thus ignorantly misled counsel, who understood her to mean that the witness had not received any subpœna whatsoever in the case. The question, therefore, is whether equity will relieve a party who has voluntarily

dismissed her cases under the circumstances stated. She insists that it was a mistake of law, such as may be relieved by a court of equity. Section 4570 of the Civil Code (1910) is as follows: "Mistake relievable in equity is some unintentional act, or omission, or error, arising from ignorance, surprise, imposition, or misplaced confidence. This power is exercised with caution, and to justify it the evidence must be clear, unequivocal, and decisive as to the mistake." We will analyze that section to ascertain, if possible, whether the case falls under the provisions thereof. Under the allegations we can not say that the mistake was an unintentional act. The dismissal was intentional and voluntary, under the allegations of the petition. It was not an unintentional omission or an unintentional error arising from ignorance, surprise, imposition or misplaced confidence. Under the allegations the act was one which plaintiff would not have performed if her knowledge of the law had been accurate, but that does not mean that the act of dismissing the suits was unintentional. Certainly there was no imposition or misplaced confidence. The suits were intentionally dismissed because of ignorance of the law. That brings us to the question whether an intentional act due to ignorance of the law will be relieved in equity. The Civil Code (1910), § 4575, provides: "Mere ignorance of the law on the part of the party himself, where the facts are all known, and there is no misplaced confidence, and no artifice or deception or fraudulent practice is used by the other party to induce the mistake of law or to prevent its correction, will not authorize the intervention of equity." It is obvious that this section affords no relief, since it applies only to an honest mistake of the law as to the effect of an instrument on the part of both contracting parties. The mistake here has no reference to any contract or written instrument of any kind, nor is it suggested that the mistake or ignorance of the law was mutual. We conclude, therefore, that equity can not relieve where one has voluntarily dismissed a case with full knowledge of the facts, though ignorant of the law, where no fault or blame of any character is attributed to the opposite party. The court, therefore, did not err in dismissing the petition.

*Judgment affirmed. All the Justices concur.*