## HYATT *v.* COUNCIL; *et vice versa.*

On the facts and in the circumstances recited in the certified question, the petition filed by a creditor of the estate of a decedent to set aside the judgment of the court of ordinary approving the return of commissioners awarding a year's support to the widow and four minor children of the deceased should not have been dismissed upon general demurrer. Under these facts the judgment of the court of ordinary approving the return of the commissioners was not conclusive upon the petitioning creditor.

No. 5425. FEBRUARY 26, 1927.

The Court of Appeals (in Cases Nos. 17211, 17239) requested instruction upon the following question: "A creditor of the estate of a decedent filed a petition in the court of ordinary to set aside the judgment of that court approving the return of commissioners setting aside a year's support for the widow and four minor chil-

---

Judgments, 34 C. J. p. 327, n. 47.

dren of the deceased. The petition was filed on September 12, 1925, and the judgment attacked was rendered on July 6, 1925. The petition prayed that the judgment be declared void, and that the award of the commissioners be vacated, for the reason that while the commissioners awarded only $3,500 for a year's support (which was right and proper), the reasonable value of the property of the estate set aside for such support amounted to $37,169.04, and this discrepancy was so great as to show either fraud, collusion, accident, or mistake on the part of the commissioners. The petition also attacked the judgment of the court and the award of the commissioners on the ground (which was substantiated by the facts set up in the petition) that there was an insufficient description of the property set apart for the year's support, and an insufficient description of the liens and mortgages against the property. Other amendable irregularities were pointed out by the petitioner. The petition, however, showed that the ordinary had duly complied with the statutory requirements as to issuing citation and publishing notice in regard to the application for the year's support. It further appeared from the petition that the petitioner failed to file a caveat to the award of the commissioners, and that nothing was done by anybody to prevent him from so doing, and that by the exercise of the slightest diligence he could have filed his caveat, setting up all the objections urged in his petition, at or before the term of the court of ordinary to which the award of the commissioners was made returnable. Under these facts, was the judgment of the court of ordinary approving the return of the commissioners conclusive upon the petitioning creditor, and should the petition have been dismissed upon general demurrer?"

*W. W. Dykes* and *R. L. Maynard,* for plaintiff in error.

*J. A. Hixon,* contra.

RUSSELL, C. J. Question answered in the negative. ATKINSON and GILBERT, JJ., concur. HILL, J., absent because of illness.

BECK, P. J., and HINES, J., dissenting. It being expressly stated in the question that the petitioner, who seeks to have the award of the commissioners vacated on the ground of fraud, collusion, or mistake on the part of the commissioners, "failed to file a caveat to the award of the commissioners, . . and that by the exercise of the slightest diligence he could have filed his caveat setting up all the objections urged in his petition, at or before the

term of the court of ordinary to which the award of the commissioners was returnable," he was concluded by the judgment approving the return of the commissioners setting aside the year's support. For if petitioner failed to exercise the slightest diligence, then it is necessarily true that he was guilty of gross neglect, and the law will not afford him the relief which he seeks to obtain· by the petition, that is, to set aside the judgment.