17211, 17239.   HYATT *v.* COUNCIL; and *vice versa.*

The judgment of the court of ordinary, approving the return of commissioners awarding a year's support to the widow and minor children of the decedent in this case, was not conclusive upon the creditor of the decedent's estate who sought to set aside the judgment, under the facts set out in his petition to that court. The petition was not subject to the general demurrer, and it does not appear that the court erred in the rulings upon the special demurrer.

DECIDED APRIL 12, 1927.

Appeal; from Sumter superior court—Judge Littlejohn. January 18, 1926.

The judgment attacked was rendered July 6, 1925. The petition attacking it was filed September 12, 1925. The petition prayed that the judgment be declared void and that the award of the commissioners be vacated, for the reason that while the commis-

Executors and Administrators, 24 C. J. p. 272, n. 7.

sioners awarded only $3,500 for a year's support (which was right and proper), the reasonable value of the property of the estate set aside for such support amounted to $37,169.04, and this discrepancy was so great as to show either fraud, collusion, accident, or mistake on the part of the commissioners. An additional ground of attack was that there was an insufficient description of the property set apart for the year's support, and an insufficient description of the liens and mortgages against the property. The Court of Appeals, in a certified question to the Supreme Court, set out the foregoing facts and other facts stated in the following opinion, and asked: "Under these facts, was the judgment of the court of ordinary approving the return of the commissioners conclusive upon the petitioning creditor, and should the petition have been dismissed upon general demurrer?" The Supreme Court answered in the negative.; Beck, P. J., and Hines, J., dissenting.

*W. W. Dykes, R. L. Maynard,* for plaintiff in error.

*J. A. Hixon,* contra.

BROYLES, C. J. 1. A petition was filed by a creditor of the estate of a decedent to set aside a judgment of the court of ordinary approving the return of commissioners awarding a year's support to the widow and four minor children of the deceased. Under the facts and circumstances set forth in the petition, the judgment of the court of ordinary was not conclusive upon the petitioning creditor, and the court properly overruled the general demurrer to the petition. This is true although it appeared from the petition that the ordinary had duly complied with the statutory requirements as to issuing citation and publishing notice in regard to the application for the year's support, that the petitioning creditor failed to file a caveat to the award of the commissioners, that nothing was done by anybody to prevent him from doing so, and that by the exercise of the slightest diligence he could have filed a caveat, setting up all the objections urged in his petition, at or before the term of the court of ordinary to which the award of the commissioners was made returnable. *Hyatt* v. *Council,* 163 *Ga.* 870 (137 S. E. 16), decided by the Supreme Court in answer to a question certified by this court.

2. It does not appear from the record that the court erred in any of its rulings upon the special demurrer interposed to the petition.

*Judgment affirmed on both the main bill and the cross-bill of exceptions. Luke and Bloodworth, JJ., concur.*