HOWELL *et al. v.* HOWELL.

372

No. 13214. MAY 23, 1940.

*William Butt,* for plaintiffs. *J. G. B. Erwin,* for defendant.

BELL, Justice. E. W. Howell died a resident of Gordon County, Georgia, on November 23, 1938. His widow, Mrs. Ellen Howell, applied for a year's support. Appraisers appointed in pursuance of her application made a return setting apart described property to her alone, there being no minor children. At the January term, 1939, of the court of ordinary, objections to the return of the appraisers were filed by attorneys purporting to represent all the children of the deceased by a former marriage, including the present plaintiffs, Charles C. Howell and Mrs. Lillian D. Bean, who were and still are nonresidents of this State. At the same term at which the objections were filed, a "consent judgment" was entered whereby a sum of money and certain personal property were awarded to the widow, apparently in a lesser amount than the value of the property set apart in the appraisers' return. In April, 1939, Charles C. Howell and Mrs. Lillian D. Bean filed in the superior court of Gordon County an equitable petition to set aside such consent judgment, for reasons stated in their petition. To this petition the widow, Mrs. Ellen Howell, filed a general demurrer, which was overruled, and she excepted. The petition was construed by this court, not as contending that the attorneys who filed the caveat or objections did not have authority to represent these plaintiffs in the litigation which resulted in the consent judgment in the court of ordinary, but as merely complaining that the attorneys *exceeded*

their authority in compromising the case. The ruling was that the petition did not state a cause of action and should have been dismissed. *Howell* v. *Howell,* 188 *Ga.* 803 (4 S. E. 2d, 835). On return of the case to the trial court, the plaintiffs amended their petition by alleging, in effect, that the attorneys who purported to represent them did not represent them in fact, because they had not employed such attorneys either directly or indirectly, and the relation of attorney and client did not exist between them. The amendment further alleged that the plaintiffs "did not have any knowledge, notice, or information that said action of compromise and settlement of said litigation had been taken in the court of ordinary until the time had expired in which they could intervene or enter any appeal to the court of ordinary, and that upon ascertaining the status of said matter they acted promptly in the preparation and filing of this bill in equity for the relief sought in their original petition. These plaintiffs therefore show, that, by reason of the averments set forth in their original petition and this amendment, said purported agreement and settlement of said year's support litigation is not binding upon these plaintiffs or either of them in any way or manner, and that as to them, as heirs at law, it is void and not enforceable, and is a violation of the rights and interests of these plaintiffs as heirs at law of the said E. W. Howell, deceased." The court sustained a general demurrer filed by the widow to the petition as amended, and to this judgment the plaintiffs excepted.

The Code provides that upon the filing of the return of appraisers, the ordinary shall issue citation and publish notice, calling upon all persons concerned to show cause why the application for a year's support should not be granted, and that "if no objection is made after the publication of said notice for four weeks, or, if made, is disallowed, the ordinary shall record the return so made in a book to be kept for this purpose." Code, § 113-1005. The effect of the present petition as amended is to allege that no objection to the allowance of a year's support has ever been filed by the plaintiffs, since it is averred that the attorneys who filed the objections in the names of the children, including these plaintiffs, did not in fact represent the plaintiffs, for the reason that there was no relation of attorney and client between them. The plaintiffs, thus having repudiated the caveat so far as it purported to

relate to themselves, are in the position of having filed no objections whatever to the application of the widow or to the return of the appraisers, notwithstanding three terms of the court of ordinary had passed before they filed their original petition in equity, and five more such terms had passed before the presentation of their amendment.

The Code, § 113-1005, has several times been construed by this court with respect to the time within which objections must be filed, and it has been held that they must be filed at or before the term to which the citation is returnable. *Parks* v. *Johnson,* 79 *Ga.* 567 (5 S. E. 243); *Jackson* v. *Warthen,* 110 *Ga.* 812 (2) (36 S. E. 234); *Foster* v. *Turnbull,* 126 *Ga.* 654 (55 S. E. 925); *Reynolds* v. *Norvell,* 129 *Ga.* 512 (3) (59 S. E. 299). In *Jackson* v. *Warthen,* supra, it was held that "unless objections are duly filed, nothing is left for the ordinary to do but to record the return of the appraisers, which then becomes, in effect, a binding judgment, conclusive upon all persons interested."

There being no allegation to the contrary, it is presumed that citation was issued and published as required by law. *Winn* v. *Lunsford,* 130 *Ga.* 436 (61 S. E. 9). In fact there is no complaint as to notice or sufficiency of notice; but the petition is based solely upon the ground that the attorneys who consented to the judgment did not represent these plaintiffs, and for this reason the plaintiffs are not bound by the judgment. Nor is there any attack upon the return of the appraisers, the judgment itself being the only matter as to which relief is sought. The plaintiffs simply alleged that this judgment allotted to the widow too much, and, so far as plaintiffs are concerned, should be set aside because it was consented to by attorneys who did not represent them. If the plaintiffs had filed objections in the court of ordinary and had done so within the time prescribed by law, the want of authority in the attorneys to represent them in consenting to a judgment based thereon might have furnished ground for relief in a court of equity. *Williams* v. *Simmons,* 79 *Ga.* 649 (2) (7 S. E. 133); *Beardsley* v. *Hilson,* 94 *Ga.* 50 (3) (20 S. E. 272); *Davis* v. *First National Bank of Blakely,* 139 *Ga.* 702 (78 S. E. 190, 46 L. R. A. (N. S.) 750); *Anderson* v. *Crawford,* 147 *Ga.* 455 (94 S. E. 574); *Evans* v. *Brooke,* 182 *Ga.* 197 (184 S. E. 800). But, under the facts appearing, the plaintiffs would not be benefited even if the judgment were set aside, because

as to them a decree to that effect would simply leave the application of the widow and the return of the appraisers pending in the court of ordinary, with no right of objection thereto in the plaintiffs. *Jackson* v. *Warthen,* supra; *Davis* v. *First National Bank of Blakely,* supra; *Kerr* v. *McAnally,* 183 *Ga.* 365 (2) (188 S. E. 687). In such case, the objections of others having been settled, the only further permissible action would be for the ordinary to record the return of the appraisers, thus giving to it the effect of a binding judgment as against the plaintiffs. The judgment which the plaintiffs seek to set aside apparently granted less to the widow than was awarded by the appraisers; and if they could not now attack the award, it would profit them nothing to do away with the judgment. A judgment will not be set aside by a court of equity at the instance of one who has ceased to have interest in the subject-matter and would not be injuriously affected thereby. Compare *Reid* v. *Eatonton,* 80 *Ga.* 755 (6 S. E. 602); *Plumb* v. *Christie,* 103 *Ga.* 686 (2) (30 S. E. 759, 42 L. R. A. 181); *Blanton* v. *Merry,* 116 *Ga.* 288 (42 S. E. 211). If the plaintiffs had made it to appear that the compromise judgment gave to the widow substantially more property or any larger benefit than was awarded to her by the appraisers, and if they had complained upon that ground, a different case would have been presented. But, under the facts alleged, the petition as amended did not show that the plaintiffs were injured by the consent judgment, and for this reason the action was properly dismissed on general demurrer.

The defendant cites and relies upon the decision by this court in *Beddingfield* v. *Old National Bank & Trust Co.,* 175 *Ga.* 172 (165 S. E. 61), as authority for the judgment dismissing the action. Counsel for the plaintiffs seeks to distinguish that case. He also criticises the decision therein, impliedly at least, by suggesting that it is not in harmony with *Neal* v. *Boykin,* 129 *Ga.* 676 (3) (59 S. E. 912, 121 Am. St. R. 237), *Powell* v. *McKinney,* 151 *Ga.* 803 (2) (108 S. E. 231), *Walker* v. *Hall,* 176 *Ga.* 12, 19 (166 S. E. 757), *Jackson* v. *Jackson,* 179 *Ga.* 696 (3) (177 S. E. 591), and similar decisions holding in effect that publication of the usual citation would not prevent parties at interest, who had no knowledge of an application for letters of administration, from moving in due time to have a judgment appointing the applicant administrator set aside on the ground of fraud. As indicated above, the petition in

the present case does not complain of any lack of notice, but asks for a decree setting aside the consent judgment on the sole ground that attorneys who purported to consent in the plaintiff's behalf did not represent them in the litigation. Such being the nature of the case, the conclusion we have reached does not collide with any of the decisions just mentioned. Accordingly, we do not deem it necessary to discuss the question of inconsistency raised by the plaintiffs, or to make at this time further comment on any of these decisions. But see *Elliott* v. *Marshall*, 182 *Ga.* 513 (2) (185 S. E. 831) ; *Bowers* v. *Dolen,* 187 *Ga.* 653 (3), 658 (1 S. E. 2d, 734) ; *Young* v. *Young,* 188 *Ga.* 29 (2 S. E. 2d, 622). If the conclusion reached in the instant case should be contrary to *Hyatt* v. *Council,* 163 *Ga.* 870 (137 S. E. 16), that decision, having been concurred in by only three Justices, is not binding as authority, and, to the extent of such conflict, if any, it will not be followed. Compare the unanimous decision in *Foster* v. *Turnbull,* 126 *Ga.* 654 (supra). The former decision (*Howell* v. *Howell,* supra), holding that the petition was bad in the respect there indicated, did not determine that it was good in other respects.

*Judgment affirmed. All the Justices concur.*