31881. STEWART *v.* HASTY.

DECIDED JUNE 9, 1948. REHEARING DENIED JULY 26, 1948.

526

*J. T. Edwards, West L. Cranford, W. George Thomas, George D. Stewart,* for plaintiff.

*Langdale, Smith & Tillman,* for defendant.

MacIntyre, P. J. ■ Code § 107-209, provides: "When the plaintiff in a trover suit has replevied the property and, on the trial of the case, fails to recover or dismisses his petition, the defendant, instead of suing on the replevy bond, may recover the property and its hire, or the sworn value placed upon the property in the petition."

This provision of our Code was codified from the case of *Marshall* v. *Livingston,* 77 *Ga.* 21 (1), wherein the rule is thus stated: "Where an action of trover was brought and bail process

was sued out, and upon the failure of the defendant to give the bond required, the plaintiff gave bond and security, and the property was delivered to him, if he voluntarily dismissed his action of trover, this amounted in law to a judgment of restitution, and *ipso facto* upon such dismissal, entitled the defendant to a writ of restitution, or, where it was impossible to restore the subject of the action in kind, to a writ of *fieri facias* for the value thereof."

"As against the replevying party, a judgment may be entered on such bond by the court for the value of the property replevied, as stated in the pleading of such party and in the bond given by him; and it is not necessary to bring suit on the bond or to have a jury trial." *Pope* v. *Scott,* 143 *Ga.* 275, 276 (2a) (84 S. E. 582), and cit.

Although the defendant in such an instance of voluntary dismissal by the plaintiff is ordinarily entitled to restitution judgment *ipso facto,* where the dismissal is obtained by fraud, or is due to "a mutual mistake of law upon the part of counsel for both parties as to its effect, and upon an implied, if not an express understanding that the only effect of the dismissal would be a mere failure by the plaintiff to recover in this action, and during the same term the plaintiff in resistance to a motion of the defendant to enter a judgment upon the bond, made a motion to reinstate the bail-trover action for the purpose of having the same tried upon its merits," it will be reinstated. *Seals* v. *Stocks,* 100 *Ga.* 10 (30 S. E. 278).

However, in the absence of a showing of fraud or of a mutual mistake of law, or the like, "when a plaintiff by his counsel voluntarily dismisses his petition, whether for a good or a bad reason, the court has no authority (or discretion), over objection by the defendant, to reinstate the action." *Simpson* v. *Brock,* 114 *Ga.* 294 (40 S. E. 266); *Petty* v. *Piedmont Fertilizer Co.,* 146 *Ga.* 149, 150 (90 S. E. 966). In such event it follows that "where the plaintiff fails in the proceeding, that all rights acquired by virtue of that proceeding must fall with it. The foundation being destroyed, all that rests upon it must go also. Although a dismissal may not preclude the plaintiff from gaining possession by another and like process, or from establishing his right to the property in some future proceeding, the necessary result is that

528

he is not entitled to hold it under color of a process which no longer subsists. The law, which by virtue of that process took the property from the defendant and placed it in the hands of the plaintiff, puts it back where it came from, or requires the plaintiff to pay over its value. By the dismissal the liability under the bond for the forthcoming of the property becomes fixed, and under the terms of the statute judgment may be signed up against the principal and surety 'and execution had thereon without further proceeding.' Code, §§ [107-202, 203]." *Thomas v. Price*, 88 *Ga.* 533, 534 (15 S. E. 11).

In the instant case, the judge was authorized to find, as alleged by the defendant's counsel, that the only agreement between the parties was as to the amending of the first suit to include the proper parties; that the only legal rights which the defendant agreed to waive, if any, had the plaintiff acted upon the agreement between counsel as made, were his right to object to the proposed amendment and his right to file and urge a plea in abatement; and that no fraud or mutual mistake of law of the parties was proved. The facts of this case differentiate it from the cases cited by counsel for the defendant in error; and the agreement of counsel for the defendant to waive his objection to a proffered amendment can in no manner be construed to be substantially the same as a waiver of his right to move for a restitution judgment after a voluntary dismissal by the plaintiff because the consequences of the two courses of action are decidedly different in the contemplation of the law. The plaintiff, having chosen to pursue the harsh action of bail trover, must be prepared to suffer the harsh consequences if all does not go in his favor in the action. When the court found that there was no fraud or mutual mistake of law in the instant case, he had no discretion to reinstate the case and had no alternative other than to enter up such restitution judgment for the defendant on the defendant's motion. *Petty v. Piedmont Fertilizer Co.*, supra.

When the court found that no fraud, mutual mistake of law, or the like, was shown as a ground for reinstatement and entered a judgment accordingly, it was not reversible error to state orally, "It is mandatory upon me to allow the defendant to enter up a restitution judgment," and thereupon to sign and to file a written judgment of restitution in the usual form in accordance with the defendant's motion.

The provision of Rule Five (Code, Ann., § 24-3605) of the rules of this court strictly prohibits remarks discourteous to opposing counsel, and is applicable no less to written arguments than to oral. The brief of the defendant in error contains references not entirely courteous to opposing counsel, and such expressions should not be found in a brief. Furthermore, the brief contains in its argument certain facts not found in the record. No such expression not found in the record should have been included in the brief. Under the circumstances disclosed by the record the motion to remand the offending brief to counsel (in order that the personal allusions therein may be stricken prior to its consideration by this court) is overruled, the court choosing rather to forbear at this time to take any further action in the matter. However, it is expected that in the future counsel will hold himself within the bounds of this rule.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*