## 32398. BOWMAN v. BOWMAN.

DECIDED APRIL 22, 1949. REHEARING DENIED MAY 12, 1949.

242

*James L.* and *Will G. Moore,* for plaintiff in error.

*Margaret Hills, Poole, Pearce & Hall,* contra.

PARKER, J. ■ "An appeal to the superior court is a de novo investigation. It brings up the whole record from the court below, and . . either party is entitled to be heard on the whole merits of the case." Code, § 6-501. This is true of appeals in general and of appeals from courts or ordinary. *Moody* v. *Moody,* 29 *Ga.* 519 (1). The superior court may hear and sustain a demurrer which has been previously heard and overruled in the county court. *Paxton* v. *Berrien County,* 117 *Ga.* 891 (2) (45 S. E. 266).

We think that the superior court properly reversed the ruling of the ordinary and correctly held that the original caveat was erroneously reinstated after it had been voluntarily dismissed by the caveator. The record shows that the dismissal of the caveat was in these words: "The within caveat is withdrawn and dismissed by caveator, Fred E. Bowman, without prejudice. This 10th day Sept., 1948. Jas. L. Moore, Atty. for Fred E. Bowman." Counsel say in their brief that this dismissal was entered on the original caveat. In *Simpson* v. *Brock,* 114 *Ga.* 294 (40 S. E. 266), it was said that, "When a plaintiff, by his counsel, voluntarily dismisses his petition, whether for a good or a bad reason, the court has no authority, over objection by the defendant, to reinstate the action." To the same effect, see *Petty* v. *Piedmont Fertilizer Co.,* 146 *Ga.* 149 (1) (90 S. E. 966); *Colclough* v. *Bank of Penfield,* 160 *Ga.* 303 (127 S. E. 752); *Yatesville Banking Co.* v. *Fourth Nat. Bank of Atlanta,* 17 *Ga. App.* 420 (2) (87 S. E. 606); *Stewart* v. *Hasty,* 77 *Ga. App.* 524 (2) (48 S. E. 2d, 757).

It is argued by counsel for the plaintiff in error that, since no order dismissing the caveat was taken, the case was still pending before the court. But the facts are that the caveator withdrew and dismissed the first caveat, and treated and regarded it as having been withdrawn and dismissed by filing another caveat, and the words, "withdrawn and dismissed," appear above or to the side of the signature of the ordinary on the order allowing the amendment. It is further contended that the court had the authority to reinstate the case notwithstanding its dismissal, and counsel cite and rely upon *Warner* v. *Graves,* 25 *Ga.* 369,

371, *Vanzant, Jones & Co.* v. *Arnold, Hamilton & Johnson,* 31 *Ga.* 210 (1), *Williams* v. *Rawlins,* 33 *Ga.* 117 (10), 123, *Armstrong* v. *Lewis,* 61 *Ga.* 680 (2), *Brooks* v. *Brooks,* 175 *Ga.* 313 (165 S. E. 106), and *Head* v. *Yeomans,* 189 *Ga.* 335 (6 S. E. 2d, 704). We have considered these cases carefully and we do not think that they are applicable to the facts of this case, or that they require a holding different from the one made herein. They miss the mark in this case, and "a miss is as good as a mile."

■ Upon the filing of the apprasiers' return the ordinary shall issue citation and publish notice for four weeks citing all persons concerned to show cause why the application should not be granted, "and if no objection is made after the publication of said notice for four weeks, . . the ordinary shall record the return so made in a book to be kept for this purpose." Code, § 113-1005. This Code section "has several times been construed by this court with respect to the time within which objections must be filed, and it has been held that they must be filed at or before the term to which the citation is returnable. *Parks* v. *Johnson,* 79 *Ga.* 567 (5 S. E. 243); *Jackson* v. *Warthen,* 110 *Ga.* 812 (2) (36 S. E. 234); *Foster* v. *Turnbull,* 126 *Ga.* 654 (55 S. E. 925); *Reynolds* v. *Norvell,* 129 *Ga.* 512 (3) (59 S. E. 299). In *Jackson* v. *Warthen, supra,* it was held that, 'unless objections are duly filed, nothing is left for the ordinary to do but record the return of the appraisers, which then becomes, in effect, a binding judgment, conclusive upon all persons interested.' " *Howell* v. *Howell,* 190 *Ga.* 371, 374 (9 S. E. 2d, 149). In this case the court ordered "that citation issue herein and be published as the law requires," and this order was dated June 12, 1948. It is not necessary to decide whether such citation could have been published four weeks before the first Monday in July, 1948, or whether it was returnable to the August term of the court. See Code, § 24-2101. In all events, it was returnable either in July or August and before the term of the court which began on the first Monday in September. It is clear, therefore, that the second caveat, which was filed on September 10, 1948, was too late and should have been dismissed. The superior court did not err in ordering that the demurrers to that caveat be sustained.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*