### IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

## AT SAVANNAH,

## JUNE TERM, 1858.

Present—JOSEPH H LUMPKIN,
CHARLES. J. McDONALD, } Judges.
HENRY L. BENNING,

---

SAMUEL WARNER, plaintiff in error, vs. JOSEPH A. GRAVES, et al., defendants in error.

[1.] A plaintiff in equity being allowed by the Court to dismiss his bill without prejudice, may move to re-instate his cause.

[2.] The cause should be re-instated in Court if the necessity for its dismissal was superinduced by the error of the Court.

[3.] When the bill seeks to set aside a deed, and prays that the defendant may be compelled to produce it in Court, and deliver it up to be cancelled, and the plaintiff annexes a copy to his bill, which defendants admit to be a true copy, and the defendants, moreover, file a cross bill, and attach a copy of the same deed as an exhibit, the Court, on motion of plaintiff, may and ought to compel the defendants, at the hearing, to produce the original deed, to be read in evidence.

In equity, from Burke county. Decided by Judge HOLT, April Term, 1858.

VOL. XXV.—24

This cause, wherein Samuel Warner was complainant, and Joseph A. Graves and Anderson P. Longstreet were defendants, and in which cause the said Joseph A. and Anderson P. had filed their cross bill, came on for trial upon appeal on the bill and cross bill; and the said parties being at issue upon a special jury, Warner moved the Court to compel the said Joseph A. and Anderson P. to deliver in Court, to be read in evidence to the jury, two certain deeds, copies of which had been made exhibits to the original bill, and which were charged as having been obtained through fraud, and were prayed to be cancelled. Which motion was resisted by the counsel for the said Joseph A. and Anderson P., and overruled by the Court, and to which ruling and decision of the Court the counsel of the said Samuel Warner excepted.

And in the further progress of the trial of said cause, the said Samuel, by his counsel, moved the Court to be allowed to read in evidence before the jury, the copies of said deeds, which were made exhibits to said original bill, and which defendants, in their answers, had admitted as being true copies of the originals in their possession, which latter motion was likewise resisted by the counsel for said Joseph A., and Anderson P., and overruled by the Court, the said Samuel, by his counsel, excepting. Upon the said rulings and decisions by the Court, the said Samuel, by his counsel, moved the Court for leave to dismiss his said cause without prejudice, which the Court allowed, and the cause was withdrawn from the jury and dismissed accordingly.

During the same term of the Court, the said Samuel Warner, by his counsel, moved the Court to re-instate said cause on the following grounds:

1st. Because the Court refused the motion of complainants, that defendants deliver into Court the original deeds, called for in the bill, and of which defendants admitted the exhibits by their answers to be true copies.

2d. Because the Court refused to allow complainants to

read the copies of the deeds exhibited to the bill, though admitted by the answers of defendants to be true copies, and defendants' refusing to deliver the originals, though called for by the bill, (as contended by the counsel for said Samuel Warner.)

3d. Because complainant's counsel was taken by surprise, in the non-production of said deeds, in the trial on appeal, in the last resort, when they had been brought in and delivered, and read in evidence, on the first trial.

4th. Because the Court decided that the call by the bill for the production of the deeds, was not sufficient.

This motion, after argument, was overruled, and the following order passed by the Court: "A motion having been made pursuant to notice as above stated, was refused by the Court." Thereupon the said Samuel Warner filed his bill of exceptions, assigning the above decision and rulings of the Court as error.

SNEAD, for plaintiff in error.

SHEWMAKE & DAWSON, *contra.*

*By the Court.*—McDONALD J. delivering the opinion.

[1.] It is contended that inasmuch as the complainant voluntarily dismissed his bill, he cannot be heard on a motion to re-instate; that this Court has decided that it was constituted to review the judgments of Courts, and not to rectify the mistakes of parties, and that it will not entertain jurisdiction of a cause, the object of which is to correct a party's own error. Without examining the cases on which the counsel for defendants in error rely, it is sufficient to say that no case like this has been referred to as having been adjudicated by this Court. The plaintiff was, by the decision of the presiding Judge in the Court below, driven to the necessity of either submitting to a decree against him by the jury, or of dismissing his bill. In this predicament, he was permitted by the Court to dismiss his bill without prejudice.

[2.] The terms allowed him by the Court must have some meaning, and it seems fair to us to interpret them as giving the party the right to re-instate his cause, if upon the argument of a motion for that purpose, he should be able to show that the necessity which forced him to dismiss his cause was superinduced by the error of the Court. He made a motion to re-instate. The record shows that *after argument*, the motion was overruled. It does not appear that the Court refused to hear the motion, on the ground that the dismissal of the cause was the voluntary act of the plaintiff; but, on the contrary, the presiding Judge heard argument and refused the motion, thus re-affirming his decisions made during the progress of the cause anterior to its dismissal.

[3.] This brings up for review the decision of the Court on the motion to reinstate the bill, which involves the rulings of the Court during the progress of the case. One of the objects of the bill was to set aside certain deeds conveying negroes, and for their delivery up to be cancelled. The plaintiff annexed to his bill copies of the deed, and called on the defendants to answer as to the copies. The defendants answer, and admit the correctness of the copies. The defendants file a cross bill and annex copies of the same deed thereto. At the hearing of the cause, the plaintiff's counsel moved the Court that the defendants be compelled to produce the deeds to be read in evidence to the jury. The decree of the Court was to operate on the deed. If found fraudulent, they were to be cancelled; otherwise they were to be supported. The mode of proceeding is different in this State from the practice in England. Here, a special jury discharges most of the duties of the Master as well as those of the Chancellor. A party there may compel the production of books, and papers, &c., before the Master for examination, but there is somewhat more ceremony there than here, in obtaining an order for that purpose. *Bennett's Ch. Pr.* 78. But a motion like that made in this case would be granted with-

Warner vs. Graves et al.

out notice. *Belton vs. Farrington, 3d Peere-Wms.* 363. The defendants, if taken by surprise, might have asked for time, and upon a proper showing that the papers could not then be produced, time would doubtless have been given; and, in that event, the case must have lain over. We think that no sufficient reason appears in the record for the refusal of the Court to order the production of the deed.

It is not necessary to decide the second point taken in the motion to reinstate, but we are not sure that the Court ought not to have allowed the copies to have been read. They were not only admitted, in the answers, to be true copies, but the defendants manifestly had them in possession; they annexed copies to their cross bill, they conveyed the title on which they expected to sustain the actions at law enjoined, theirs was the proper custody, and if they preferred that the originals should be used, they could have produced them.

It appears no where in the record *as a fact*, that the deeds were produced on the former trial. It is assumed as a fact in the motion, but the Court may have refused the motion on that ground, because the assumption was wrong, and not in accordance with the facts.

The call in the bill for the production of the deeds was sufficient as a foundation for the motion made in the cause.

It is our opinion, therefore, that the presiding Judge in the Court below erred in refusing the motion to reinstate the cause.

Judgment reversed.