## 42065.   KINNEY v. MILLER.

ARGUED JUNE 6, 1966—DECIDED SEPTEMBER 6, 1966.

*Pinckney R. Fleming, Donald E. Austin,* for appellant.
*Connerat, Dunn, Hunter, Houlihan, Maclean & Exley, Stanley W. Feiler, Spencer Connerat, Jr.,* for appellee.

FELTON, Chief Judge. Regardless of whether the court's ruling as to what the plaintiff had to prove to recover punitive damages in a default case was correct or incorrect, the plaintiff was given a choice between continuing his case according to the expressed theory of the court—with a resulting uncertainty as to what he must prove, unpreparedness to prove what was required to be proved and apprehension of an adverse judgment—and dismissing his case without prejudice. Finding himself in the dilemma of having to produce proof of allegations which he had assumed to have been established by the default judgment and of being denied a continuance by which to prepare such proof, the plaintiff accepted the court's suggestion of dismissal without prejudice

as the best way out of the dilemma, and neither the plaintiff nor the court apparently then realized that the compensatory damages were still in issue. The following excerpts from the court's order of re-instatement indicate the court's awareness of its part in inducing the plaintiff's dismissal: "There is no doubt in the court's mind that it high-pressured the plaintiff in dismissing his case without submitting to the jury the question of compensatory damages, and that the court ought to have the courage to correct its own error. . . The court feels that it was right in overruling the motion for continuance and that under these circumstances in the heat of the trial plaintiff's counsel dismissed his petition for fear of an adverse judgment and completely overlooked the question of compensatory damages as the court had done and did not call it to the court's attention. The court feels that this dismissal was under coercion and plaintiff should be allowed to re-instate his case. . . Plaintiff had a witness which he states in his place would have proven compensatory damages and that witness was not allowed to get on the stand."

"When a case has been withdrawn or dismissed, without a finding by the jury on the facts on which the defense rests, and the court below allows it to be re-instated, this court will not interfere with that discretion." *Vanzant, Jones & Co. v. Arnold, Hamilton & Johnson,* 31 Ga. 210 (1); *Harrison v. Tate,* 100 Ga. 317 (27 SE 179); *Bird v. Burgsteiner,* 113 Ga. 1012 (39 SE 425); *City of Atlanta v. Miller,* 125 Ga. 495 (54 SE 538); *Southern R. Co. v. James,* 114 Ga. 198 (39 SE 849); *Glenn v. Glenn,* 152 Ga. 793 (111 SE 378); *Miraglia v. Bryson,* 152 Ga. 828 (3, a) (111 SE 655); *Brooks v. Brooks,* 175 Ga. 313 (1) (165 SE 106). An early Supreme Court case established that a plaintiff being allowed by the court to dismiss his case without prejudice may move to re-instate his cause and that "[t]he cause should be re-instated in court if the necessity for its dismissal was superinduced by the error of the court." *Warner v. Graves,* 25 Ga. 369 (1, 2). The basis of the *Warner* case was that "[t]he plaintiff was, by the decision of the presiding judge in the court below, driven to the necessity of either submitting to a decree against him by the jury, or of dismissing his bill." P. 371.

Although there is a line of cases which, on their face, would seem to deny the court's authority to re-instate the present ac-

tion, these can be distinguished on their facts. The case of *Simpson v. Brock*, 114 Ga. 294 (40 SE 266), held that "[w]hen a plaintiff, by his counsel, voluntarily dismisses his petition, whether for a good reason or bad reason, the court has no authority, over objection by the defendant, to re-instate the action." The Supreme Court expressly based that decision on the fact that the act of dismissing the case was that of the plaintiff's own counsel, and indicated that "[h]ad the *court* improperly dismissed the action, the question would be entirely different. . ." (Emphasis supplied.) In the case at bar, although the case was dismissed by plaintiff's counsel, the necessity for its dismissal, as in the *Warner v. Graves* case, was superinduced by the error of the court. The choice between trying the case under the court's expressed erroneous theory and dismissing without prejudice could not fairly be said to have resulted in a "voluntary" dismissal by the plaintiff. Various other cases denied re-instatement where dismissal was based on *unilateral* mistake or ignorance of the law, *Colclough v. Bank of Penfield*, 160 Ga. 303 (127 SE 752), inadvertence and misunderstanding, *Yatesville Banking Co. v. Fourth Nat. Bank of Atlanta*, 17 Ga. App. 420 (87 SE 606), and failure of the plaintiff's witnesses to show up, *Buford v. Farmers &c. Bank*, 110 Ga. App. 393 (138 SE2d 609). In *Petty v. Piedmont Fertilizer Co.*, 146 Ga. 149, 150 (90 SE 966), the court pointed out that the lower court had no discretion in that case (in which regard see *Brooks v. Brooks*, supra, and cit.) nor was the dismissal based on mutual mistake of law upon the part of counsel for both sides as to the legal effect of such action, or of being misled by the opposite party, *or the like*. In Headnote 1, the court noted that no fraud, mutual mistake, "or other good cause" was there shown for re-instatement. See also *Seals v. Stocks*, 100 Ga. 10 (30 SE 278). The above language in this and other cases is inclusive enough to encompass the situation in the case at bar. The rejection of the *Warner* and *Brooks* cases, supra, by the court in *Bowman v. Bowman*, 79 Ga. App. 240, 242 (1) (53 SE2d 244), was based upon their inapplicability to the facts of that case rather than the invalidity of their holdings.

The court, therefore, did not err in its judgment re-instating the plaintiff's case.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*