## 55337. RIVIERA EQUIPMENT, INC. v. OMEGA EQUIPMENT CORPORATION.

SHULMAN, Judge.

Riviera Equipment, Inc. appeals from an order finding it in contempt of court for failing to comply with a consent judgment entered in the State Court of DeKalb County requiring appellant "pursuant to Ga. Code Ann. § 67-707 to turn over [certain secured] property to Plaintiff or Plaintiff's designee, no later than 12:00 noon on Saturday, September 10, 1977." We reverse the order finding appellant in contempt of court.

1. "The fact that the decree [which appellant was found to have disobeyed] was rendered upon a consent verdict does not give it any greater validity than if it had been rendered after a sharp and protracted litigation." *Marietta Chair Co. v. Henderson,* 121 Ga. 399, 409 (49 SE 312).

2. While Chapter 67-7 authorizes a court having jurisdiction to grant a writ of possession to the secured property, it does not authorize a state court judge to

command affirmatively that the defendant return the property and thus allow a plaintiff to dispense with a levy made on the secured property "by the sheriff, deputy, marshal, constable or a duly qualified levying officer of the court." See Code Ann. § 67-707. See also *Woolsey v. Lawshe,* 1 Ga. App. 817 (57 SE 1039) (authority of city court to exercise a remedy cannot arise by implication). The litigant's consent to an unauthorized remedy cannot confer jurisdictional power on the state court to compel the obedience to the unauthorized order. "[T]he trial judge was without authority to order [appellant to turn over the property]. . . The order being void for lack of jurisdiction of the subject matter, the failure to obey it does not constitute contempt. [Cits.]" *Danner v. Robertson,* 221 Ga. 516, 518 (145 SE2d 554). See also *Connell v. Connell,* 222 Ga. 765 (152 SE2d 567).

3. Appellee's argument that appellant waived the formal requirement of levy and execution by agreeing to return the property voluntarily is not persuasive.

Parties may waive objections to a remedy that is improper in a particular case but is pursued in a court properly having the jurisdictional power to order the remedy. The parties cannot, however, by consent or otherwise, empower a court to order a remedy that is not otherwise within the court's jurisdictional authority. *Foster v. Phinizy,* 121 Ga. 673, 678 (49 SE 865).

4. Because the contempt judgment must be reversed, we need not consider other arguments advanced for the reversal of the judgment.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 31, 1978 — DECIDED APRIL 10, 1978.

*Anthony K. Center,* for appellant.
*Alston, Miller & Gaines, Orinda D. Evans, Steven M. Collins,* for appellee.