## 58995. MATTHEWS et al. v. RIVIERA EQUIPMENT, INC.

BANKE, Judge.

Plaintiff Riveria Equipment, Inc., filed suit seeking damages for the tortious conversion of two concrete pump trucks. Defendant Omega Equipment Corporation counterclaimed for indebtedness due and owing on a promissory note executed by plaintiff as payment for the same equipment. At issue in this interlocutory appeal is the trial court's reinstatement of plaintiff's complaint after plaintiff had voluntarily dismissed his action in accordance with CPA § 41 (a) (Code Ann. § 81A-141 (a)). *Held:*

1. "Subject to the provision of Section 81A-123 (c), of Section 81A-166, and of any statute, an action may be dismissed by the plaintiff, without order of court, by filing a written notice of dismissal at any time before verdict. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. A dismissal under this paragraph is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has twice dismissed in any court an action based on or including the same claim." CPA § 41 (a) (Code Ann. § 81A-141 (a)).

The issue of whether the trial court may order a complaint reinstated after it has been voluntarily dismissed under CPA § 41 (a) is one of first impression in Georgia. "[T]he CPA apparently makes no provision for the 'reinstatement' of an action after dismissal as distinguished from a recommencement." Davis & Shulman's, Ga. Practice & Procedure, § 13-4 (4th Ed. 1975). Federal decisions construing Rule 41 (a) of the Federal Rules of Civil Procedure, the model for Code Ann. § 81A-141 (a), do not permit such reinstatement. "[A] suit dismissed without prejudice pursuant to Rule 41 (a) (2) leaves the situation the same as if the suit had never been brought in the first place." Humphreys v. United States, 272 F2d 411, 412 (9th Cir. 1959). Accord, Rosso v. Magraw,

288 F2d 840 (8th Cir. 1961); A. B. Dick Co. v. Marr, 197 F2d 498 (2nd Cir. 1952). We adopt this interpretation, as to allow reinstatement would render meaningless Georgia's rule allowing only two voluntary dismissals without prejudice. See CPA § 41 (a), supra. The plaintiffs' reliance on *Warner v. Graves*, 25 Ga. 369 (1858), and *Kinney v. Miller*, 114 Ga. App. 244 (150 SE2d 723) (1964), is misplaced, as those cases were concerned with a predecessor statute and with errors made by the trial court prior to the dismissal.

2. Defendants also seek review of the trial court's grant of a motion for a new trial on the counterclaim following the direction of a verdict thereon. However, we granted interlocutory review to review only the reinstatement issue. Since no final judgment has been rendered on the counterclaim, we leave that for appropriate disposition by the trial court. See *Brooks Shoe Mfg., Inc. v. Byrd*, 144 Ga. App. 431 (6) (241 SE2d 299) (1977).

*Judgment reversed. Quillian, P. J., and McMurray, P. J., concur.*

ARGUED OCTOBER 31, 1979 — DECIDED JANUARY 7, 1980.

*Orinda D. Evans, Steven M. Collins, R. Neal Batson,* for appellants.

*Tony Center, William R. Gignilliat, III,* for appellee.