## 35577. ROGERS v. COMPOSITE STATE BOARD OF MEDICAL EXAMINERS et al.

UNDERCOFLER, Presiding Justice.

This case raises serious constitutional questions about the medical board's subpoena power under the Fourth and Sixth Amendments to the United States Constitution. While the issues clearly merit addressing, we are unable to do so because they are now moot. This court, as a matter of policy, does not entertain moot cases. Eg.: *Barr v. Jackson County,* 238 Ga. 332 (232 SE2d 923) (1977); *Nathan v. Self,* 229 Ga. 622 (193 SE2d 824) (1972).

Dr. John Rogers refused to honor a subpoena of the Board of Medical Examiners seeking his records on five patients. The board did not pursue enforcement and later dropped the investigation. Meanwhile, Rogers sued the board to determine the names of the complainants against him and challenged the validity of the subpoena on the constitutional grounds. The trial court, in granting the board's motion for summary judgment, denied relief. We affirm.

1. Dr. Rogers has no right of access to the board's investigative file. *Morton v. Skrine,* 242 Ga. 844 (252 SE2d 408) (1979). The Sixth Amendment confrontation clause does not alter this fact. The investigation is closed; he has been entirely exonerated. There is no one to confront. Assuming without deciding that the right of confrontation may apply at some point in the board's proceedings[1] (Code Ann. § 84-917), that right ended when the investigation was terminated. The right does not

---

[1] *"In all criminal prosecutions,* the accused shall enjoy the right . . . to be confronted with witnesses against him . . ." (Emphasis supplied.) Compare Hannah v. Larche, 363

extend to collateral civil suits. For this purpose, usual investigation and discovery are appropriate. Compare *Morton v. Gardner,* 242 Ga. 852 (252 SE2d 413) (1979). By the same reasoning, Dr. Rogers has not been denied access to the courts. He is free to bring whatever action he desires.

2. The constitutional challenge to the board's subpoena power, Code Ann. § 84-916(d), is dismissed as moot. *Barr v. Jackson County,* supra.

*Judgment affirmed. Nichols, C.J., Hill, Bowles, and Marshall, JJ., concur. Jordan, J., and Judge Charles L. Weltner, dissent. Clarke, J., not participating.*

ARGUED NOVEMBER 19, 1979 — DECIDED FEBRUARY 5, 1980 — REHEARING DENIED MARCH 4, 1980.

*Nicholson, Meals & McLaughlin, Robert N. Meals, A. Lee Parks, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, John C. Jones, Assistant Attorney General,* for appellees.

JORDAN, Justice, dissenting.

I agree that this case raises very serious questions under the Fourth and Sixth Amendments to the United States Constitution. According to the complaint, there has been a serious infringement upon the rights of a private citizen and this court should address the case on its merits. I do not agree that the questions raised by the complaint are moot merely because the Board of Medical Examiners has decided to drop the investigation.

The record shows that Dr. Rogers was involved in civil litigation with the board concerning the composition and appointment of the members of the board, which on appeal to this court resulted in a ruling in favor of Dr. Rogers.[1] During the pendency of this litigation the board

---

U. S. 420 (1960), and Jenkins v. McKeithen, 395 U. S. 411 (1969). See *Adkins v. Adkins,* 242 Ga. 248 (248 SE2d 646) (1978).

[1]*Rogers v. Medical Assn. of Ga.,* 244 Ga. 151 (259 SE2d 85) (1979).

sent a uniformed investigator to Dr. Rogers' office, armed with a weapon and a subpoena, who after identifying himself and showing a badge, proceeded to read the Miranda rights to Dr. Rogers. He subsequently informed Dr. Rogers and his counsel that "it's a criminal investigation. . . We don't get involved in civil lawsuits." The investigator refused to disclose any information as to the nature of the charges, other than to say it was a criminal investigation, or to identify the accusers. Dr. Rogers declined to comply with the subpoena that he furnish certain of his files to the investigator.

Shortly thereafter, newspaper reporters contacted Dr. Rogers requesting information about the episode with the investigator. On July 20, 1978, an article appeared in the Columbus Enquirer wherein it was reported that Dr. Rogers was being investigated by the board for "alleged criminal acts."

On October 25, 1978, Dr. Rogers was advised by the board that the "case is closed," and he filed this complaint challenging certain portions of the statute as being unconstitutional.

It can be seen from the above that serious allegations of a criminal nature have been made against a doctor by the board which could jeopardize his character and his profession. Reports of the criminal investigation were reported in the press in the community in which he lives and practices. He has been accused, and under this opinion is being denied the right of confrontation by his accusers.

Can we say to the doctor that your rights have not been abridged and that no damage has been done simply because your accusers say the "case is now closed"? If this is a result of our holding in *Morton v. Skrine,* 242 Ga. 844 (252 SE2d 408) (1979), then we made a serious mistake in that case.

The Sixth Amendment has no meaning if one can be accused of criminal acts by unknown accusers who hide behind the investigative powers of a board which has no power to investigate or indict one for a crime.

I respectfully dissent.

I am authorized to state that Judge Weltner joins in this dissent.