## 59870. RIVIERA EQUIPMENT, INC. v. OMEGA EQUIPMENT CORPORATION et al.

SHULMAN, Judge.

This appeal marks the fourth appearance of this case in this court. See *Riviera Equipment, Inc. v. Omega Equipment Corp.,* 145

Ga. App. 640 (244 SE2d 139); *Riviera Equipment, Inc. v. Omega Equipment Corp.,* 147 Ga. App. 412 (249 SE2d 133); *Matthews v. Riviera Equipment, Inc.,* 152 Ga. App. 870 (264 SE2d 318). The judgment from which this appeal is taken resulted from a hearing mandated by this court in the opinion appearing at 147 Ga. App. 412. We directed there that the trial court conduct a hearing to determine whether the security agreement involved in that case, which agreement referred only to "concrete pumps," included the trucks on which the pumps were mounted. The trial court complied with the direction of this court, conducting the trial as a hearing on a motion to set aside a judicial sale. The jury found for the defendant/secured party, Omega. We affirm the judgment entered on that verdict.

1. In its first two enumerations of error, appellant complains of the trial court's placement of the burden of proof on appellant and of a jury instruction to that effect. Considering that the parties were in court pursuant to a complaint filed therein by Riviera and that the form of the proceeding, in compliance with the direction of this court, was that of a hearing on a motion to set aside a judicial sale, with Riviera in the posture of a movant, we can find no basis in fact or law for appellant's fanciful assertion that the burden of proving that the trucks *were* within the scope of the security agreement should have been placed on appellee.

2. Appellant contends in its enumerations of error 3 and 4 that the verdict was contrary to the evidence and contrary to the weight of the evidence. The latter of those contentions is, of course, wholly without merit: "The role of an appellate court is not to pass on the weight of the evidence but the sufficiency." *Bone Const. Co. v. Lewis,* 148 Ga. App. 61, 62 (250 SE2d 851). A review of the record shows that the assertion that the verdict is contrary to the evidence is equally without merit in that there is some evidence to support the verdict. "If there is 'any evidence' to support the verdict we can not disturb it. [Cits.]" Id.

3. Enumerations of error 5, 6, and 9 are all based on appellant's contention that the security agreement here involved was *not* ambiguous. On that premise, appellant argues that the admission of evidence concerning the intent of the parties and the meaning of the language employed in the agreement was error, as were the court's jury instructions on the understanding of the parties (Code Ann. § 20-703) and on the intent of the parties. We find no merit in those arguments for the simple reason that the security agreement was ambiguous.

The description in the security agreement of the property involved here was "One Thomsen Model 745 Concrete Pump, Serial 79555. One Thomsen Model 745 Concrete Pump, Serial 74507." Both

pumps were mounted on trucks when they were delivered to appellant. When appellant surrendered the pumps to appellee at an earlier stage of the proceedings, they were still mounted on trucks. The controversy which subsequently arose, and the resolution of which is the subject of this appeal, was whether the description in the security agreement was intended to include pumps and trucks, or just the pumps. We agree with appellee that the description is inherently ambiguous and is especially so in the context of the transaction between the parties. That being so, there was no error in admitting evidence to resolve the ambiguity or in giving instructions to the jury to aid them in the process of that resolution.

4. Enumerations of error 7 and 10 through 13 involve a portion of the jury charge as given and the trial court's failure to give certain charges requested by appellant. There being no objection before the verdict was returned to the trial court's failure to charge as requested, those enumerations are without merit. *Walker v. Burton,* 137 Ga. App. 783 (4) (224 SE2d 786). The enumeration of error concerning the charge as given is likewise without merit since appellant failed to object to it when given the opportunity to do so and there was no "substantial error in the charge which was harmful as a matter of law." Code Ann. § 70-207 (c); *McKeighan v. Long,* 154 Ga. App. 171 (2) (268 SE2d 674).

5. Appellant's enumeration of error 8 concerns a jury instruction on the intentions of the party: "[T]here is really one issue for you to determine and pass upon in this case and that is whether or not the truck or carrier which was used to transport the concrete pump was intended by the parties to be *used* and included in the definition or description of the collateral . . ." Appellant submits that the word "used" emphasized above was inappropriate and confusing to the jury. We agree that the word had no place in that charge, but we do not find it harmful error. It is readily apparent from a reading of the charge as a whole that the word "used" was uttered unintentionally and, further, that the charge as a whole was so complete and accurate that the jury could not have been confused by that minor slip of the tongue. "Where it appears that the word complained of represents merely a verbal inaccuracy, and the charge as a whole lays down the principle of law involved correctly, the case will not be reversed on this ground." *So. Bell Tel. & Tel. Co. v. Bailey,* 81 Ga. App. 20, 22 (57 SE2d 837).

6. In 11 enumerations of error (14-24), appellant complains of the exclusion of portions of its evidence and the admission of portions of appellee's evidence. Under the circumstances of this case, it would be of no benefit to the litigants or to the bench and bar to indulge in a particularized discussion of the basis for the admissions and

exclusions of which appellant complains. It suffices to say that the evidentiary rulings of the trial court were in each instance correct and these enumerations of error are so patently without merit as to be considered frivolous.

7. In its final (25th) enumeration of error, appellant asserts that the trial court committed reversible error by expressing its opinion of the veracity of a witness for appellant. The transcript shows that, in fact, the trial judge asked a series of pertinent questions which were not susceptible of appellant's strained interpretation. At any rate, appellant made no objection on that ground and the trial court instructed the jury properly on the subject. That being so, there was no error. *White v. State,* 146 Ga. App. 810 (8) (247 SE2d 536).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED MAY 12, 1980 — DECIDED SEPTEMBER 3, 1980.

*Tony Center,* for appellant.
*Steven M. Collins,* for appellees.