## 74276. DEUTZ-ALLIS CREDIT CORPORATION v. PHILLIPS et al.

(360 SE2d 29)

BEASLEY, Judge.

Plaintiff Deutz-Allis appeals from the granting of a partial summary judgment to defendant Gulf Insurance Company; the granting

of summary judgment to defendant Phillips;[1] the granting of partial summary judgment to defendant Terry Clenney; and the denial of its motion for summary judgment. The action was a claim against the bond posted by Sheriff Phillips pursuant to OCGA § 15-16-5, on which Gulf was the surety, and against Clenney as surety on a bond under OCGA § 44-14-268 (a) (2). The action grew out of another Miller County Superior Court action, #1299, which is included in the record in this case.

Action 1299 began on January 20, 1982, when Allis-Chalmers, the predecessor company of plaintiff below, filed its petition for immediate writ of possession against E. V. Clenney, the father of defendant Terry Clenney. The petition, presented pursuant to OCGA § 44-14-261, sought only immediate possession of a tractor purchased by E. V. Clenney from Tri-County Tractor and financed by Allis-Chalmers.

Although no foreclosure petition under OCGA §§ 44-14-230 and 44-14-231 was pending and plaintiff did not pray for foreclosure, the court issued the writ pursuant to OCGA § 44-14-264 on January 20. The same day, counsel for plaintiff, accompanied by a deputy sheriff, went to the Clenney farm to execute the writ pursuant to OCGA §§ 44-14-266 and 44-14-236. The petition was not served on defendant E. V. Clenney until nine months later, on September 23. See OCGA § 44-14-265.

Upon arrival at the Clenney farm E. V. Clenney became irate and had to be calmed by the deputy. His son Terry called an attorney who was then representing the Clenneys. Counsel for the creditor and this attorney spoke by phone and agreed that, rather than surrender the tractor, a bond under OCGA § 44-14-268 (a) (2) would be executed by E. V. as principal and by his son Terry as surety.

Sheriff Phillips was then called by his deputy and was asked if it was agreeable for E. V. to give a bond and, since Terry volunteered to sign, if that would be all right. The deputy also advised the sheriff that the creditor's attorney did not have an appropriate bond form, but the deputy had a criminal appearance bond form which the creditor's attorney then prepared. The sheriff said he would approve E. V. on the bond because the tractor was worth more than the amount of indebtedness and that he had no objection to Terry's signing.

Being a criminal bond form, it was by its language conditioned on E. V. Clenney's appearance at court on a day certain for arraignment, "to answer to the offense of 'Bond for tractor' with which he . . .

---

[1] The motion filed by Phillips is styled a motion to dismiss under OCGA § 9-11-12 (b) (6) but the order was obviously based on the documentary evidence contained in the record as well as argument of counsel and will be treated as the grant of summary judgment. *Blasingame v. Blasingame*, 249 Ga. 791, 792 (294 SE2d 519) (1982).

stands charged, . . . until discharged by law. . . ." The tractor was left with E. V.

On February 3, E. V. and Terry executed a second bond, which referred to action 1299 and stated "if said principal (E. V.) shall pay the plaintiff all damages which plaintiff may be awarded in this matter, then this bond to be void." Sheriff Phillips had never seen this bond but on deposition testified that his deputy probably signed his name to it based on the earlier authorization.

On June 17 petitioner amended action 1299 to add a paragraph notifying of a demand for attorney fees as provided by the contract if the principal and interest were not paid in ten days. It also amended the prayer, which had merely been for immediate possession and costs, to include judgment in the amount of the debt, plus attorney fees if the debt and interest were not paid within ten days of service. This amendment was served by mail on the same attorney with whom the creditor's counsel had spoken.

No response was filed and, pursuant to petitioner's motion purportedly under OCGA §§ 44-14-267 and 44-14-269, a money judgment was entered April 27, 1983, and reduced to a sum certain by a second judgment order entered September 28, with no mention made of the writ of possession. A writ of fieri facias issued at petitioner's request, pursuant to which the sheriff levied upon the tractor which was still in E. V. Clenney's possession, and sold it at public sale on October 2, 1984. The small proceeds went to satisfy a prior judgment and petitioner obtained nothing.

It is in this context that the present litigation began, with plaintiff (successor to Allis-Chalmers) suing Terry Clenney, as surety on the second bond (which was a substitute for the "criminal bond" posted in lieu of surrendering immediate possession) for failure to pay the judgment, and the sheriff and his bonding company for the sheriff's alleged failure to ascertain the fiscal responsibility of Terry Clenney in approving the bond.

1. The procedures for the obtaining of writs of immediate possession have been found constitutional but must be strictly adhered to. *Sumner v. Adel Banking Co.*, 244 Ga. 73, 74 (1) (259 SE2d 32) (1979); see *Coursin v. Harper*, 236 Ga. 729, 732 (225 SE2d 428) (1976); *Mitchell v. W. T. Grant Co.*, 416 U. S. 600 (94 SC 1895, 40 LE2d 406) (1974); see generally 11 Ga. State Bar Journal 230 (April 1975). Neither the parties nor the courts may expand upon or change these procedures. *Riviera Equip. v. Omega Equip. Corp.*, 145 Ga. App. 640, 641 (2) (244 SE2d 139) (1978).

The court did not err in its rulings. Lurking among the undisputed facts are numerous legal obstacles to plaintiff's recovery against any of the defendants. We need not address them here because insurmountable is the legal significance of the fact that plaintiff ultimately

gained possession of the property when it chose to do so. Even if we were to consider its orphan petition for immediate possession as encompassing a parent petition for foreclosure, the immediate writ and the statutes relative to it did not authorize the posting of a bond for payment of a money judgment. And even if they did, and assuming but not deciding that OCGA § 44-14-268 applied to this immediate writ, the court determination provided for therein was not obtained.

The writ authorized immediate possession. The creditor relinquished that right and left the tractor in E. V. Clenney's possession and, instead of pursuing foreclosure, abandoned that and procured a money judgment instead. These are two different mechanisms for a secured creditor's obtaining relief. *Dein v. Citizens Jewelry Co.*, 149 Ga. App. 340, 341 (1) (254 SE2d 403) (1979); see also *Sumner v. Adel Banking Co.*, supra at (4), relating to two separate counts; OCGA § 9-11-18. The creditor executed on the money judgment by levying on the tractor as an asset of the debtor and having it sold. Therefore it had no cause to complain when the bond given in lieu of immediate possession was not paid.

The bond related to foreclosure, if to anything at all, which procedure allows a person holding a security interest on personal property to foreclose on the property and sell it to satisfy the debt. OCGA § 44-14-230. That procedure, if ever it was properly instituted, was abandoned and the creditor turned its efforts instead to pursuit of a money judgment on the underlying debt.

Thus the validity of the bond, which could only be a substitute for immediate possession "pending a final decision on the merits," *Ward v. Charles D. Hardwick Co.*, 156 Ga. App. 96, 98 (274 SE2d 20) (1980), became academic. Along with it, so did the sheriff's obligations with respect to approval of that bond, even if he had any to begin with, and those of his bonding company with respect to performance of the sheriff's duties.

Once the tractor was obtained and sold pursuant to the writ of fieri facias obtained by petitioner based on the judgment, the issue of writ of immediate possession was deprived of practical significance, even if it had not earlier become so by the nonpursuance of foreclosure. This result is similar to that which follows the interim writ of possession under OCGA § 44-14-234, issued upon debtor's failure to pay certain sums into the court's registry. See *Dein v. Citizens Jewelry Co.*, supra; see also *Ward v. Charles D. Hardwick Co.*, supra, comparing the immediate writ such as we have here with the interim writ in dispossessory proceedings.

Plaintiff in the case below having obtained all, if not more than, it was legally entitled to with respect to the tractor in the underlying action 1299, i.e., a judgment for the amount of debt claimed on the loan and the sale of the tractor as an asset of the debtor, it has not

been damaged by any error in the approval of the surety on the bond and, as a matter of law, was entitled to no recovery against the sheriff and his bonding company on this ground alone. For the same reason, the partial summary judgment in favor of surety Terry Clenney was not error.

In effect, plaintiff, by its own actions long before the present suit was instituted, mooted the question which it now seeks to have reviewed. See *Rogers v. Composite State Bd. of Medical Examiners*, 245 Ga. 364, 365 (2) (265 SE2d 1) (1980); *Edwards v. Edwards*, 226 Ga. 875, 878 (2) (178 SE2d 168) (1970).

On appeal, in order to warrant reversal, an appellant must show harm as well as error. *Whitehead v. Cogar*, 180 Ga. App. 812, 813 (1) (350 SE2d 821) (1986). Here, assuming error, the plaintiff has failed to show any harm except that caused by its own inaction at the time of the judicial sale which it precipitated. See generally Finestone & Cardon, Ga. Post Judgment Collection, § 5-2.

Therefore, the order of the court below is affirmed in all respects.

2. Based on the decision in Division 1, it is not necessary to consider the remaining enumerations of error.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JULY 7, 1987 —
REHEARING DENIED JULY 21, 1987 —

*B. Thomas Conger*, for appellant.
*Danny S. Shepard, Rikard L. Bridges, Billy M. Grantham, Peter Zack Geer*, for appellees.