A89A1223. DEUTZ-ALLIS CREDIT CORPORATION v.
PHILLIPS.
(387 SE2d 34)

CARLEY, Chief Judge.
Appellee-defendant is the Sheriff of Miller County. Appellant-plaintiff filed a claim against the bond that was posted by appellee pursuant to OCGA § 15-16-5. Appellee answered and filed a counterclaim for abusive litigation pursuant to *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986). With regard to appellant's main action, the trial court granted summary judgment in favor of appellee and, on appeal, this court affirmed. *Deutz-Allis Credit Corp. v. Phillips*, 183 Ga. App. 760 (360 SE2d 29) (1987). With regard to appellee's *Yost* counterclaim, a jury trial was held. The jury returned a $20,000 verdict in favor of appellee and against appellant. Appellant appeals from the judgment entered by the trial court on the jury's verdict.

1. Appellant enumerates as error the denial of its motion for a directed verdict on appellee's *Yost* claim.

"Any party who shall assert a claim, defense, or other position with respect to which there exists such a complete absence of any justiciable issue of law or fact that it reasonably could not be believed that a court would accept the asserted claim, defense, or other position; or any party who shall bring or defend an action, or any part

thereof, that lacks substantial justification, or is interposed for delay or harassment; or any party who unnecessarily expands the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures, shall be liable in tort to an opposing party who suffers damage thereby. The term 'lacks substantial justification' shall mean substantially frivolous, substantially groundless, or substantially vexatious." *Yost v. Torok*, supra at 96 (13).

Based upon our review of the record, there is considerable doubt whether appellee met his burden of proving that appellant engaged in the type of conduct that was rendered actionable in tort by the Supreme Court's *Yost* decision. Whether or not appellant had a viable claim against appellee's bond was an issue of first impression and the mere fact that appellant was ultimately unsuccessful in *Deutz-Allis Credit Corp. v. Phillips*, supra, does not demonstrate that it engaged in abusive litigation. "[Z]ealous favoring of abusive litigation allegations can create a bar to access to the courts for civil litigants. A *Yost* claim arises under [certain] circumstances. . . . [Appellant's] allegations and the proof offered in substantiation of its claim [on appellee's bond] can in no sense be categorized as being completely devoid of any justifiable issue of law or fact. The issues were hardly clearcut and posed a serious question both for the trial court and this court. [Appellant's] claim cannot be considered as lacking substantial justification or as being interposed for delay or harassment." *Guernsey Petroleum Corp. v. Data Gen. Corp.*, 183 Ga. App. 790, 796 (4) (359 SE2d 920) (1987).

However, even assuming that appellee did meet his threshold burden of showing that appellant engaged in abusive litigation, it is clear that appellee did not produce sufficient evidence of any recoverable damages. Under *Yost*, a plaintiff who has been subjected to abusive litigation can recover: "special damages *other than* attorney fees and expenses of litigation; damages for mental distress, where there is either wilfulness, or wanton and reckless disregard of consequences which is the equivalent of wilfulness ([cit.]); or nominal damages pursuant to OCGA § 51-12-4." (Emphasis in original.) *Yost v. Torok*, supra at 95 (10). Appellee did not seek nominal damages, and the jury was not instructed as to that element of damages. The case was submitted to the jury only as to the issue of appellee's recovery of special damages or damages for his emotional distress. A review of the record shows that appellee offered no proof which would authorize a recovery of special damages. Therefore, the $20,000 verdict must be construed as a recovery of damages for appellee's emotional distress. However, the evidence utterly fails to show appellant's "wilfulness, or wanton and reckless disregard of consequences which is the equivalent of wilfulness. . . ." *Yost v. Torok*, supra at 95 (10). "The caveat is clear and it is well established that if damages for mental

pain and suffering sought under [OCGA] § 51-12-6 are not accompanied by physical or pecuniary loss, recovery is allowed only if the conduct complained of was malicious, wilful or wanton. [Cit.]" *Brunswick Gas &c. Co. v. Parrish*, 179 Ga. App. 495, 498 (3) (347 SE2d 240) (1986). Since appellee showed only that he suffered emotional distress without also showing that appellant's conduct was wilful or wanton and reckless as well as tortious, the trial court erred in denying appellant's motion for directed verdict.

2. Appellant's remaining enumerations of error are moot.

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 29, 1989.

*Lambert, Floyd & Conger, T. Harold Lambert, L. Catharine Cox*, for appellant.

*Ronnie J. Lane*, for appellee.