## A91A0408. COLLIER v. EVANS et al.
### (406 SE2d 90)

Beasley, Judge.

Appellant Jerry Larry Collier sued appellees, the former Commissioner of the Georgia Department of Corrections and the former Warden of Georgia State Prison. He sought damages of $15,000 for holding him in false imprisonment for one year, and denying him due process of law by taking 627 days of "good time" earned on six allegedly invalid disciplinary charges.

Without any forfeiture of time served, appellant would have been eligible for discharge from Georgia State Prison in June 1987, but as a result of a series of sanctions imposed he was required to serve an additional year, until June 1988. Collier alleged that, in connection with 1981 and 1982 disciplinary reports, he lacked any knowledge he had been so punished until the day in 1987 when he was initially authorized to be released. He challenged the disallowances as procedurally defective, when measured by constitutional standards.

Both parties moved for summary judgment. The trial court denied appellant's motion. On the other hand, it granted appellees' motion, on the grounds that (1) Collier's claim was barred by the statute of limitation; (2) the claim was barred by the doctrines of res judicata and collateral estoppel; (3) Collier had been afforded due process of law; (4) defendants were entitled to qualified immunity; (5) Collier could bring his complaint only through class counsel in federal district court.

This appeal is brought pro se, and additional amicus curiae briefs have been filed in appellant's behalf by counsel for the class of inmates of Georgia State Prison certified in *Guthrie v. Evans*, Civil Action No. 3068, United States District Court, Southern District of Georgia, decided July 14, 1986.

1. The trial court held that because appellant had alleged that his constitutional rights had been violated, his suit was brought under federal law, 42 USC § 1983; that his cause of action arose in 1981 and 1982 at the time of the allegedly defective disciplinary proceedings; and that under the applicable two-year statute of limitation for personal injury cases, the action in 1990 was barred. These rulings ignore

the fact that appellant's complaint, specifically denominated a "State Law Suit," was premised on his claim of false imprisonment and alleged no 42 USC § 1983 or other federal statute violation.

False imprisonment is codified in OCGA § 51-7-20. "The only essential elements for false imprisonment are (1) detention and (2) the unlawfulness thereof. OCGA § 51-7-20; [cit.]." *Reese v. Clayton County*, 185 Ga. App. 207, 208 (363 SE2d 618) (1987). See generally *Williams v. Smith*, 179 Ga. App. 712 (348 SE2d 50) (1986); *Stewart v. Williams*, 243 Ga. 580 (255 SE2d 699) (1979). It is an intentional tort. *Williams*, supra at 713 (2). "The action must be brought within two years of its accrual, OCGA § 9-3-33, which is from the release from imprisonment. [Cits.]" *Reese*, supra. Appellant's additional year of incarceration ran from June 2, 1987, until he was released on June 2, 1988. He filed the instant lawsuit on March 30, 1990, which was within the statutory limitation period. The claim was not time-barred.

2. The trial court's application of the doctrines of res judicata and collateral estoppel was based on the view that appellant had "previously submitted the claims brought in this action" in suits filed in federal district court and the Superior Court of Tattnall County and by mandamus in the Georgia Supreme Court. The federal civil rights complaints had been dismissed and the dismissal was affirmed without opinion in *Collier v. Evans*, 887 F2d 1091 (11th Cir. 1989). The court considered the claims as having been "fully litigated."

"A plea of res judicata or of estoppel by judgment 'should allege all the facts and exhibit all the record essential to show that the plea is meritorious' [cits.]. . . . [I]f no evidence is tendered to support it, the plea should be dismissed. [Cit.]" (Indention omitted.) *Smith v. Wood*, 115 Ga. App. 265, 268 (3) (154 SE2d 646) (1967). See also *Carr v. Car-Perk Svcs.*, 222 Ga. 793 (152 SE2d 692) (1966). The appellees placed in evidence only the unpublished opinion from *Collier v. Evans*, supra, in which two judges concluded that the district court complaint filed by appellant, then an inmate at Georgia State Prison, was frivolous because of prior civil rights claims alleging the same facts. Nothing appears in this opinion from which the trial court could have resolved whether the district court's determination was based on a substantive issue of any relevance to the present suit, whereas appellant's complaint expressly averred that the federal court decision had not been on the merits of his claims.

Further, when appellees responded to appellant's pretrial request to produce copies of the six disciplinary reports giving rise to his extended imprisonment, they could not identify which disciplinary reports were the operative ones. Such a response is inconsistent with the contention that this claim had already been decided. Without this clarity, there was no basis for the conclusion that the same claim had

been litigated in other cases.

3. The trial court ruled that in order to state a claim under 42 USC § 1983, appellant had to demonstrate that appellees acted under color of state law to infringe a liberty interest protected by the Fourteenth Amendment and that his confinement constituted a deprivation of such interest and occurred without due process. Citing *Lee v. Dugger*, 902 F2d 822 (11th Cir. 1990), the trial court concluded that having already availed himself of the opportunity to seek judicial relief regarding his treatment, discipline or conditions of confinement, the former inmate had been afforded the requisite due process by the commissioner and the warden.

The trial court relied principally on the special concurrence of Chief Judge Tjoflat in *Lee*, in which he stated that the Fourteenth Amendment did not protect all deprivations of prisoner good time credit or always amount to a violation of due process. This premise is not controlling. Both the majority opinion and the dissent agreed that any deprivation of liberty contrary to law was also a deprivation of liberty without due process of law. The substantive point on which the trial court in Collier's case relied was a minority view.

Moreover, Chief Judge Tjoflat's opinion was based upon his finding that the correctional officials had denied good time solely because of an innocently mistaken interpretation of a newly-enacted Florida law. He expressly recognized that "Lee may well have a state tort claim for false imprisonment . . . [which] must be sought in state court under traditional tortlaw principles." Id. at 824, n. 3. So long as appellant's claim, that he is entitled under state law to be compensated for loss of good time of which he was deprived, remains unresolved, summary judgment was inappropriate.

4. As to the ground of qualified immunity, the trial court ruled that appellant failed to clearly establish a violation of constitutional principles, again citing Chief Judge Tjoflat's special concurrence in *Lee v. Dugger*, supra, to the effect that the alleged detention of a prisoner beyond the expiration of his sentence is not a federal constitutional violation so long as a judicial remedy is available. In Section 1983 suits, government officials can be insulated from personal liability for civil damages by qualified immunity for actions taken pursuant to their discretionary authority, " 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' The right must be sufficiently clear that 'in light of preexisting law the unlawfulness (of the officer's conduct) must be apparent.' [Cit.]" *Waldrop v. Evans*, 871 F2d 1030, 1032-1033 (11th Cir. 1989).

This does not command summary judgment on appellant's tort claim for false imprisonment. Appellees have not shown that federal qualified immunity from liability for civil rights violations governs

suits for false imprisonment under state law.

5. The final ground underlying summary judgment was the trial court's consideration of appellant as a member of the inmate class in *Guthrie v. Evans*, supra. The class members were ordered to proceed through class counsel, and not by pro se petitions, with complaints of violations of the substantive orders in that case. See, e.g., *Saleem v. Evans*, 866 F2d 1313 (11th Cir. 1989).

Although an uncertified copy of the procedural order was attached as an appendix to an amicus curiae brief below, it is not evidence. Moreover, it states that the matter before the court, conditions of confinement at Georgia State Prison, "involved whether individual class members could file contempt actions on issues which affected the entire class *pro se*." It ruled that they could not do so.

It does not appear that appellant's complaint is subsumed in any issue in *Guthrie*. As a former inmate who had no interest in enforcing future obedience to the substantive orders in *Guthrie*, appellant instead sought compensation for alleged past wrongs peculiar to himself and proceeded in law rather than in equity.

" 'In order "(t)o prevail on a motion for summary judgment (OCGA § 9-11-56), a defendant-movant is required to pierce the allegations of the complaint and to establish as a matter of law that the plaintiff could not recover under any theory fairly drawn from the pleadings and the evidence. (Cits.)" [Cit.]' [Cit.]" *Baughcum v. Cecil Key Paving*, 190 Ga. App. 21, 22 (1) (378 SE2d 151) (1989). Defendants have not shown that appellant's claim of false imprisonment has ever been addressed in any forum or that it fails as a matter of law. " 'The burden of proof is shifted when the moving party makes a *prima facie* showing that it is entitled to judgment as a matter of law. At that time the opposing party must come forward with rebuttal evidence or suffer judgment against him. (Cit.)' [Cits.]" Id. at 23. The absence of a prima facie showing precludes summary judgment. *Val Preda Motors v. National Uniform Svc.*, 195 Ga. App. 443 (2) (393 SE2d 728) (1990).

6. In his motion for summary judgment Collier contended that because he had received no notice of the disciplinary actions taken against him, he was entitled to judgment against the defendants as a matter of law under *Wolff v. McDonnell*, 418 U. S. 539 (94 SC 2963, 41 LE2d 935) (1974). *Wolff* holds that prison officials are obligated to satisfy "the minimum requirements of procedural due process" by providing the prisoner with "advance written notice of the claimed violation and a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." Id. at 563. Appellant has not yet made out his case. For one thing, he has not identified the specific disciplinary proceedings, which he targets from his long history at the prison.

*Judgment affirmed in part and reversed in part. Banke, P. J., and Carley, J., concur.*

DECIDED MAY 1, 1991 —
REHEARING DENIED MAY 28, 1991.

Jerry Collier, *pro se.*
Michael J. Bowers, Attorney General, Daryl A. Robinson, Neal B. Childers, Assistant Attorneys General, for appellee.