A92A2016, A92A2017. COLLIER v. EVANS et al. (two cases).
(423 SE2d 704)

McMURRAY, Presiding Judge.

Jerry Larry Collier (plaintiff) brought a false imprisonment action against the former Commissioner of the Georgia Department of Corrections and the former Warden of Georgia State Prison (defendants). The parties filed opposing motions for summary judgment and the trial court denied plaintiff's motion for summary judgment and granted defendants' motion for summary judgment. Plaintiff filed an appeal in *Collier v. Evans*, 199 Ga. App. 763 (406 SE2d 90), and this Court affirmed the denial of plaintiff's motion for summary judgment and reversed summary judgment in favor of defendants, finding that defendants failed to pierce plaintiff's allegations of false imprisonment. *Collier v. Evans*, 199 Ga. App. 763, 765 (3), supra.

Upon remand, defendants filed a demand for jury trial and plaintiff filed a motion in opposition, arguing the jury trial demand was not timely filed. The trial court denied plaintiff's motion in opposition to the jury trial demand and granted plaintiff "a certificate of immediate review, finding that the issues regarding Defendants' entitlement to trial by jury are of such importance that immediate review is warranted."

On January 29, 1992, plaintiff filed an application for interlocutory appeal in Case No. A92I0034 from the order denying his motion in opposition to the demand for jury trial. On February 3, 1992, plaintiff filed a direct appeal in Case No. A92A2016 from the same order.

On February 21, 1992, plaintiff's application for interlocutory appeal was denied in Case No. A92I0034.

On March 3, 1992, a "DISMISSAL" was entered in the trial court, indicating that plaintiff is dismissing his action "with prejudice based upon the settlement agreement of the parties." Plaintiff later filed a motion to set aside the dismissal, alleging that he was duped into dismissing his action against defendants. The trial court denied this motion, finding that "a trial court may not order a complaint reinstated after it has been voluntarily dismissed." On May 7, 1992, plaintiff filed a direct appeal from this order in Case No. A92A2017. On August 19, 1992, he filed an application for discretionary appeal in Case No. A92D0291 from the same order. We now consider Case Nos. A92A2016 and A92A2017. *Held*:

1. Plaintiff has filed a motion to recuse the panel of judges assigned to consider the cases sub judice and he requests that these appeals be transferred to the panel of judges that considered his appeal in *Collier v. Evans*, 199 Ga. App. 763, supra. Plaintiff argues that the panel of judges assigned to consider the cases sub judice "has shown total prejudice against [him] in previous appeal case [number] A92A0614 on June 25, 1992, pending before court on motion for reconsideration. . . ."

"[W]hen a trial judge in a case pending in that court is presented with a motion to recuse accompanied by an affidavit, the judge's duty will be limited to passing upon the legal sufficiency of the affidavit, and if, assuming all the facts alleged in the affidavit to be true, recusal would be warranted, then another judge must be assigned to hear the motion to recuse. [It is also a] well-settled rule that it is as much the duty of a judge not to grant the motion to recuse when the motion is legally insufficient as it is to recuse when the motion is meritorious; nor does the simple filing of an affidavit automatically disqualify a judge. United States v. Bray, 546 F2d 851, 857 (10th Cir. 1976) and cits." *State v. Fleming*, 245 Ga. 700, 701 (1), 702 (267 SE2d 207).

In the case sub judice, plaintiff has not filed an affidavit in support of the motion to recuse. However, he alleges in the motion to recuse that 'the panel selected to consider the cases sub judice "has shown total prejudice against [him] in previous appeal case [number] A92A0614. . . ." This unspecified allegation of prejudice is insufficient, as a matter of law, to support a motion to recuse. *Savage v. Savage*, 234 Ga. 853, 855-856 (218 SE2d 568). See *Nix v. State*, 236 Ga. 110, 111 (1) (223 SE2d 81). Further, the fact that any judge of the panel selected to consider the cases sub judice may have considered another case in which plaintiff was a party is legally insufficient to disqualify any judge assigned to hear the cases sub judice. See *Woolfolk v. State*, 85 Ga. 69, 74 (1) (11 SE 814); *Penney v. State*, 157 Ga.

App. 737 (1) (278 SE2d 460). Consequently, plaintiff's motion to recuse and request to transfer are hereby denied.

## Case No. A92A2016

2. Defendants have filed a motion to dismiss Case No. A92A2016, arguing that this appeal is from an order denying a motion to set aside a judgment and that OCGA § 5-6-35 (a) (8) requires appeals from such orders to be made via the discretionary appeal procedure of OCGA § 5-6-35 (b) et seq. This argument is without merit.

Case No. A92A2016 is from an order denying plaintiff's motion in opposition to defendants' demand for speedy trial. It is not from an order denying a motion to set aside a judgment under OCGA § 9-11-60 (d) which requires compliance with the discretionary appeal procedure of OCGA § 5-6-35 (b) et seq. Nonetheless, this direct appeal must be dismissed as it is from an interlocutory order which requires compliance with the interlocutory appeal procedure of OCGA § 5-6-34 (b). *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587 (1), 588 (408 SE2d 103).

## Case No. A92A2017

3. Defendants have filed a motion to dismiss Case No. A92A2017, arguing that this appeal is from an order denying a motion to set aside a judgment and that OCGA § 5-6-35 (a) (8) requires appeals from such orders to be made via the discretionary appeal procedure of OCGA § 5-6-35 (b) et seq. This argument is without merit.

Case No. A92A2017 is from an order denying a motion to set aside a voluntary dismissal. It is not from an order denying a motion to set aside a judgment under OCGA § 9-11-60 (d) which requires compliance with the discretionary appeal procedure of OCGA § 5-6-35 (b) et seq. In fact, the record reveals no judgment upon which to base a motion to set aside under OCGA § 9-11-60 (d). There is only the document entitled, "DISMISSAL," reciting that plaintiff is dismissing his action "with prejudice based upon the settlement agreement of the parties." This document neither constitutes a judgment nor an adjudication upon the merits of plaintiff's case as the dismissal was not approved and entered by the trial court. *Williams v. Atwood*, 52 Ga. 585 (2) (1874). See *Kapiloff v. Askin Stores*, 202 Ga. 292 (42 SE2d 724); *Skinner v. Smith*, 120 Ga. App. 35, 36 (169 SE2d 365), and Davis & Shulman's Ga. Practice & Procedure (6th ed.), § 23-2, p. 599. Consequently, the denial of plaintiff's motion to set aside the dismissal does not require compliance with the discretionary appeal procedure of OCGA § 5-6-35 (b) et seq.

4. Plaintiff contends the trial court erred in denying his motion to set aside the dismissal, arguing that he was fraudulently induced

into entering a settlement agreement. This contention is without merit.

"A voluntary dismissal under [OCGA § 9-11-41 (a)] is a matter of right and terminates the action." *Page v. Holiday Inns*, 245 Ga. 12, 13 (262 SE2d 783).[1] Further, Georgia's Civil Practice Act " 'apparently makes no provision for the "reinstatement" of an action after dismissal as distinguished from a recommencement.' Davis & Shulman's Ga. Practice & Procedure, § 13-4 (4th Ed. 1975)." *Matthews v. Riviera Equip.*, 152 Ga. App. 870 (1) (264 SE2d 318). Nor does the Civil Practice Act provide authority for setting aside a dismissal based on fraud in the inducement of the dismissal. Compare OCGA § 9-11-60 (d) (2). (Any such claim must be pled in a separate action.) Consequently, the trial court did not err in denying plaintiff's motion to set aside and holding that "a trial court may not order a complaint reinstated after it has been voluntarily dismissed." See *Corrosion Control v. William Armstrong Smith Co.*, 157 Ga. App. 291, 292 (277 SE2d 287); *Matthews v. Riviera Equip.*, 152 Ga. App. 870 (1), supra.

*Motion to recuse and transfer denied. Case No. A92A2016 dismissed. Judgment affirmed in Case No. A92A2017. Sognier, C. J., and Cooper, J., concur.*

DECIDED OCTOBER 8, 1992.

Jerry L. Collier, *pro se.*
Michael J. Bowers, *Attorney General*, Daryl A. Robinson, *Senior Assistant Attorney General*, Neal B. Childers, *Assistant Attorney General*, for appellees.

---

[1] Rule 41 (a) (1) of the Federal Rules of Civil Procedure provides for voluntary dismissals with prejudice upon agreement of the parties. However, Rule 41 (a) of the Georgia Civil Practice Act does not provide that the parties may agree to dismiss an action "with prejudice." OCGA § 9-11-41 (a) provides that a plaintiff may voluntarily dismiss an action "without prejudice, except that the filing of a third notice of dismissal operates as an adjudication upon the merits."