# Court of Appeals
# of the State of Georgia

ATLANTA,  April 17, 2020

*The Court of Appeals hereby passes the following order:*

**A20D0355.  KATINA SMALLS v. IFESI OKOYE.**

In this domestic relations matter, the superior court entered an order granting plaintiff Ifesi Okoye's motion to enforce a mediated agreement that addressed several custody-related issues concerning the parties' minor children.  Among other things, the mediated agreement set forth new parenting and visitation schedules.  Defendant Katina Smalls then filed a timely application for discretionary review in the Supreme Court, which transferred the matter to this Court.

Under OCGA § 5-6-34 (a) (11), direct appeals are permitted from "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment or orders."  And visitation rights are a part of custody.  *Vines v. Vines*, 292 Ga. 550, 551 (2) (739 SE2d 374) (2013).  Thus, the order Smalls seeks to appeal is directly appealable.[1]

Under OCGA § 5-6-35 (j), this Court will grant a timely application for discretionary review if the lower court's order is subject to direct appeal.

---

[1] The trial court's order also effectively denied Smalls's motion to set aside the mediated agreement.  A discretionary application is not required to appeal the trial court's order under OCGA § 5-6-35 (a) (8) – which governs appeals from orders denying OCGA § 9-11-60 (d) motions to set aside judgments and OCGA § 9-11-60 (e) complaints in equity to set aside judgments – because Smalls did not seek to set aside a "judgment."  See generally *Collier v. Evans*, 205 Ga. App. 764, 766 (3) (423 SE2d 704) (1992) (a discretionary application is not required to appeal an order denying a motion to set aside a voluntary dismissal because a voluntary dismissal is not a "judgment" under OCGA § 5-6-35 (a) (8) or OCGA § 9-11-60 (d)-(e)).

Accordingly, this application is hereby GRANTED. If she has not already done so, Smalls should file a notice of appeal in the superior court within ten days of the date of this order, pursuant to OCGA § 5-6-35 (g). If she is unable to file a notice of appeal within that time period, Smalls shall file a notice of appeal in the superior court no later than ten days after the expiration of the April 6, 2020 Supreme Court Order Extending Declaration of Statewide Judicial Emergency. See https://www.gasupreme.us/wp-content/uploads/2020/04/CJ_Melton_Extension_Order_signed_entered.pdf. The clerk of the superior court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* __04/17/2020__
      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____, *Clerk.*